GRINER <em>v.</em> THE STATE.

FISH, P. J.  1. It was not error to refuse to instruct the jury, as requested, that "Evidence of confessions is the weakest and least to be relied on of any evidence known to be competent in law" (*Calvin* v. *State*, 118 *Ga.* 73); especially when the court charged the jury that confessions of guilt should be received with great caution, and that a confession alone, uncorroborated by other evidence, will not justify a conviction.

2. "The law of circumstantial evidence is not, without qualification, applicable in a case where the State proves a positive confession of guilt." *Perry* v. *State*, 110 *Ga.* 234.   Therefore, in such a case, it was not error to fail "to charge the jury on the law of circumstantial evidence," or that, "To warrant a conviction on circumstantial evidence, the proven facts must not only be consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis save that of the guilt of the accused."

3. "When, after a proper preliminary examination as to their free and voluntary nature, confessions . . are adjudged competent and received in evidence, there is no room for any question touching the propriety of having conducted the preliminary examination in the presence of the jury." *Fletcher* v. *State*, 90 *Ga.* 468.

4. The alleged confessions were properly held admissible.

5. The instructions given to the jury fully covered the requests to charge, that "proof of the corpus. delicti may be, but is not necessarily, sufficient corroboration of a confession of guilt," and that " the law does not fix the amount of corroboration ; the jury are the judges."

6. Before a confession can be considered as evidence, it must appear to have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury. Penal Code, § 1006.

(a) If induced by another by hope of benefit or fear of injury, it is involuntary, although such inducement be held out by one person and the confession be subsequently made to another, who has no knowledge of such inducement and who offers none himself. Where there is evidence of a confession before the jury, it is for them to determine, from all the evidence, whether the confession was voluntary.

(b) Accordingly, where the principle is applicable to the case, either under the evidence or the statement of the accused, it is error for the court to refuse to instruct the jury, in compliance with a written request so to do, that if the accused made a confession under inducement of hope or fear previously held out by persons other then those to whom it was made, though not in the presence of those holding out the inducement, it should not be considered as evidence.

(c) In the present case the principle above announced was applicable, both under the evidence and the statement of the accused ; and the refusal by the court of a written request to give a charge properly setting forth such principle was cause for a new trial, even though the court otherwise properly instructed the jury upon the law of confessions.

*Judgment reversed. All the Justices concur.*

Submitted January 18, — Decided January 26, 1905.

Indictment for murder. Before Judge Daley. Tattnall superior court. November 5, 1904.

*E. C. Collins, Walter F. Grey, Isaiah Beasley,* and *George C. Spence,* for plaintiff in error. *John C. Hart, attorney-general,* and *Alfred Herrington, solicitor-general,* contra.