7162.   THOMAS *v.* THE STATE.

WADE, J. 1. Besides clear and unequivocal proof of the corpus delicti, which was itself sufficient to corroborate the confession made by the accused (*Schaefer* v. *State*, 93 *Ga.* 177, 18 S. E. 552; *Wilson* v. *State*, 6 *Ga. App.* 16, 61 S. E. 112; *Allen* v. *State*, 8 *Ga. App*, 90, 68 S. E. 558), there was abundant circumstantial evidence tending to show that the defendant had been in recent possession of the stolen property, and to otherwise corroborate his confession. See *Tolver* v. *State*, 10 *Ga. App.* 33 (72 S. E. 516); *Anderson* v. *State*, 72 *Ga.* 98 (2); *Perry* v. *State*, 110 *Ga.* 234 (36 S. E. 781); *Griner* v. *State*, 121 *Ga.* 614 (49 S. E. 700).

2. There being evidence as to a confession by the accused, the conviction did not depend exclusively upon circumstantial evidence, since a confession is direct evidence; and, in the absence of an appropriate request, it would not have been erroneous for the court to omit to charge the law of circumstantial evidence altogether. *Smith* v. *State*, 125 *Ga.* 296, 299 (54 S. E. 127); *McElroy* v. *State*, 125 *Ga.* 37, 40 (53 S. E. 759); *Owens* v. *State*, 120 *Ga.* 296, 299 (48 S. E. 21); *Eberhart* v. *State*, 47 *Ga.* 598, 609; *Cooner* v. *State*, 16 *Ga. App.* 540 (85 S. E. 688); *Hart* v. *State*, 14 *Ga. App.* 714, 716 (82 S. E. 164).

3. "Where an indictment for burglary charges that the breaking and entering of the dwelling-house was with intent to commit a larceny, and the larceny is particularly set out, there may be a conviction of larceny from the house." *Ray* v. *State*, 121 *Ga.* 189 (48 S. E. 903). See also *Polite* v. *State*, 78 *Ga.* 347; *Williams* v. *State*, 60 *Ga.* 88. The charge

of the court upon this subject was a substantial compliance with the above well-settled principle, and the exception taken thereto is wholly without merit.

4. The excerpt from the charge of the court on the subject of alibi is not for any reason assigned erroneous, and any fuller instruction desired on the precise point should have been requested in writing.

5. The evidence being legally sufficient to authorize the verdict, this court has no power to say that the trial judge abused his discretion in refusing the motion for a new trial.                    *Judgment affirmed.* .

DECIDED MAY 18, 1916.

Indictment for burglary; from Polk superior court—Judge Bartlett. December 6, 1915.

*John L. Tison, Bunn & Trawick,* for plaintiff in error.

*J. R. Hutcheson, solicitor-general,* contra.