### HARRIS *v.* THE STATE.

HILL, J. 1. " The time to be allowed counsel to prepare for trial is in the sound discretion of the trial judge, which discretion will not be interfered with by this court, unless abused. No unusual or intricate matters of law or fact appearing, and nothing being shown as to public excitement, there was no abuse of discretion in overruling the motion for a continuance upon the ground of want of time to prepare for trial." *Charlon* v. *State*, 106 *Ga.* 400 (2) (32 S. E. 347); *Kelloy* v. *State*, 151 *Ga.* 551 (107 S. E. 488).

13

2. There were sufficient circumstances, together with the admission of the shooting by the defendant, to establish the corpus delicti.

3. Error is assigned because the court permitted the sheriff to testify as follows: "I had a conversation with Gene Harris [defendant] sometime after he was placed in my custody. He was there one day at the door, and I asked him why he wanted to kill his wife, and he said he did it in self-defense, and I think he tried to show me some scars on him — and I paid no attention." The objection to this evidence was that it was not a confession. The court ruled that "If he stated to the sheriff he killed his wife in self-defense, it would be relevant testimony, if the solicitor desires to introduce it." *Held*, that while the evidence did not amount to a confession of guilt by the accused, it was relevant on the issues in the case.

4. Other assignments of error on the admissibility of evidence, where sufficient to raise any question for consideration by this court, are not of sufficient materiality to cause the grant of a new trial.

5. Where one accused of a homicide admits the killing but in connection with the admission states that he acted in self-defense, and where in his statement to the jury he also admits the shooting of the deceased but claims justification, the case is not one dependent wholly upon circumstantial evidence; and failure of the court to charge upon that subject is not cause for reversal. *Eberhart* v. *State*, 47 *Ga.* 598, 599 (8); *Griner* v. *State*, 121 *Ga.* 614 (2) (49 S. E. 700); *Wilburn* v. *State*, 141 *Ga.* 510 (9), 513 (81 S. E. 444).

6. Where, upon the trial of one accused of homicide, the accused admitted the killing of the deceased, but claimed that he was justified in so doing, a charge on the law of confessions was unauthorized. *Owens* v. *State*, 120 *Ga.* 296 (48 S. E. 21). Moreover, the failure of the court to charge the law of confessions, in the absence of an appropriate and timely request, is not cause for the grant of a new trial. *Benjamin* v. *State*, 150 *Ga.* 78 (102 S. E. 427).

7. On objection to the testimony of a child nine years of age as a witness, based on his youthfulness, the answers given in response to questions were sufficient to authorize the judge to hold the witness competent to testify. *Lucas* v. *State*, 146 *Ga.* 315 (2) (91 S. E. 72).

8. The jury were authorized, under the evidence, to find the defendant guilty.

*Judgment affirmed. All the Justices concur, except Atkinson, J., absent on account of sickness.*

No. 2568.  OCTOBER 14, 1921.

Indictment for murder. Before Judge Park. Baldwin superior court. March 10, 1921.

*T. D. Luther* and *D. S. Sanford*, for plaintiff in error.

*R. A. Denny*, attorney-general, *Doyle Campbell*, solicitor-general, *Graham Wright*, asst. atty.-gen., and *A. Y. Clement*, contra.