## 19184. EVANS *v.* THE STATE.

DECIDED DECEMBER 11, 1928.

*Clement E. Sutton,* for plaintiff in error.

*M. L. Felts, solicitor-general,* contra.

LUKE, J.   Mack Evans was convicted of manufacturing liquor, and, his motion for a new trial being overruled, he brought the case to this court for review.   The evidence shows that one Wilmer Harwell, a brother-in-law of the defendant, was caught at the still, pleaded guilty, and paid his fine.   Harwell, admittedly an accomplice, testified that the defendant and other named persons were interested in the still and had been making liquor there with him; that they had all agreed that should any one be caught, he would take the sole responsibility for the still, and all of them would go equal parts in paying the fine; that he had assumed the responsibility, and the defendant and others had not paid their part of the fine as per agreement, and for this reason he was "turning them up."   M. A. Harwell, the father of Wilmer Harwell and father-in-law of Evans, testified that Evans admitted that the still was his and that he had been making liquor there.   In addition to the evidence of the accomplice Wilmer Harwell, and the evidence of M. A. Harwell as to the confession of the defendant, there was evidence that Wilmer Harwell, who was caught at the still, was living with Evans; that there was a path which led from the still towards Evans' house, and into a road that went to Evans' house; that the still was about a mile from Evans' house; that there were

wagon tracks and automobile tracks leading from the still, and that Evans had a wagon and an automobile. There was no evidence that Wilmer Harwell had an automobile or a wagon. In addition to this the following note was introduced in evidence: "Mack: You are trying to pull such trick on Wilmer as you are trying to do. I want you to know for the last time that you can bring me $165 by 4 o'clock to-morrow, or I am going to Washington and tell Wilmer to go his rout. You all don't bluff me with your 10-gallon whisky threat. M. A. Harwell." This note was written to the defendant while Wilmer Harwell was in jail and before the defendant was indicted. This note could easily have been construed by the jury to mean: "If you don't pay your part of Wilmer's fine as you agreed to do, then I am going to Washington and tell the boy to go his route and tell about your being interested in the still and making liquor."

The undisputed evidence as to the still will serve to corroborate the confession made by the defendant, and his confession thus supported, together with the other circumstance of the case, will serve as sufficient corroboration of the accomplice Wilmer Harwell. In the case of *Schaefer* v. *State,* 93 *Ga.* 177 (18 S. E. 552), Bivins, an accomplice, testified that he saw Schaefer endeavoring to enter through a window, and later heard a pistol fire. Other evidence showed that the house was actually entered through the window, and that the deceased was shot while asleep. There was some testimony of a contradictory nature, tending to show admissions by Schaefer. In that case it was held: "Clear and undoubted evidence of the corpus delicti will serve to corroborate a confession made by the accused, and his confession thus supported will serve as sufficient corroboration of the evidence of an accomplice." The case sub judice is much stronger than the *Schaefer* case, because in that case the accomplice did not swear that he saw the defendant actually shoot the deceased, and in the instant case the accomplice did swear that the defendant actually made the liquor. Furthermore, in the *Schaefer* case the accomplice had previously sworn falsely, while in the instant case the accomplice had only made a false statement not under oath, as to the ownership of the still, and he assigned a reasonable motive for so doing. See also *Langston* v. *State,* 153 *Ga.* 128 (4) (111 S. E. 561); *Thomas* v. *State,* 18 *Ga. App.* 101 (1) (88 S. E. 917).

The first special ground of the motion for a new trial complains of the court's charge on circumstantial evidence, and alleges that "a full charge on the law of circumstantial evidence was absolutely demanded." There is no merit in this ground. "There being evidence as to a confession by the accused, the conviction did not depend exclusively upon circumstantial evidence, since a confession is direct evidence; and, in the absence of an appropriate request, it would not have been erroneous for the court to· omit to charge the law of circumstantial evidence altogether." *Thomas* v. *State,* supra, and cases cited; *Perry* v. *State,* 110 *Ga.* 234 (3) (36 S. E. 781) ; *Griner* v. *State,* 121 *Ga.* 614 (2) (49 S. E. 700).

The charge complained of in the second special ground of the motion is a correct statement of the law, and was by no means unfavorable to the accused.

Under the facts of this case it was not error for the court to fail to charge the law of confessions, as alleged in the third special ground of the motion. There was no request for such a charge, and "in the trial of a criminal case the failure of the court to charge the law of confessions, in the absence of an appropriate and timely request, is not cause for the grant of a new trial." *Brown* v. *State,* 154 *Ga.* 54 (113 S. E. 161), and cit.

The 4th special ground of the motion for a new trial is but an amplification of the general grounds. The evidence authorized the verdict, no reversible error of law is shown, and the court did ·not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*