## THOMAS *v.* THE STATE.

No. 6748.   SEPTEMBER 30, 1929.

*W. B. Smith* and *Russell Ross,* for plaintiff in error.

*George M. Napier, attorney-general, M. H. Boyer, solicitor-general, T. R. Gress, assistant attorney-general,* and *W. S. Mann,* contra.

RUSSELL, C. J.   Willie Thomas was convicted of the murder of Willis H. Howell, and was sentenced to be executed.   His motion for a new trial was overruled, and he excepted.   There were no witnesses to the homicide.   Howell was last seen alive on Saturday morning, October 1, 1927, about nine o'clock, standing in front of his residence in Dodge County.   He was missed about ten o'clock of that morning, and a search was instituted.   About two o'clock in the afternoon of the following Monday his body, on which was a wound inflicted with a gun, was found in a corn-field about 150 or 200 yards behind the dwelling.   The body had been buried, and a fire burned over the shallow grave.   The defendant was arrested during the morning of that day, and was carried to the jail in Mc-Rae, Telfair County.   Late in the afternoon he was moved to the jail in Dodge County.   On the following morning (Tuesday) he made a confession to the sheriff.   On the trial, which occurred on October 12, 1927, the sheriff testified, in connection with his testimony as to a confession, as follows:   "He made this statement to me down here at the jail on Tuesday after the body was found on Monday.   Nobody induced this defendant to make this statement *in my presence, and I did not induce him to make it.* . . This defendant Willie Thomas has made that confession to me several times and in the presence of others.   I have been to see him with you [Mr. Boyer] and Mr. Mann, and he would make the same statement and the same confession in your presence; no hope of benefit held out to him nor fear of punishment by any of you, and he made the statement freely and voluntarily; he was assured that he had a right to talk if he wanted to, or that he did not have

to talk if he did not want to, and he made the same confession. After that first Friday when we all first saw him we went back, and in my presence he made that same confession; there was no fear held out to him; he did not seem scared; he talked freely; nobody there but the solicitor-general and Mr. Mann; nobody induced him to make the statement; nobody threatened him or offered him any hope of benefit or reward; he was not promised anything about his trial or anything like that to make the statement." On cross-examination the sheriff testified: "When Willie Thomas made this confession to me, it was after the crowd had visited him and took him out to the swamp that night. I do not know who did that nor how many there were; don't know whether there were as many as a hundred or not, nor what they did to him down there that caused the confession; do not know whether he made a confession down there or not; do not know in what position he was taken down there. I did not talk to him until the next day after that." The defendant objected to the admission of all of this evidence as to confession at the time it was offered, and moved to rule it out, on the ground "that the sheriff stated the prisoner at the bar was in his custody and several hundred men came and took him out one night and kept him out a good while, and after they returned him to the jail the confession was made. We don't know a single one of the crowd; can't say what was done or not done; and it ought not to be admitted." The objection was overruled. The fourth ground of the amendment to the motion for new trial complains of this ruling.

1. It has been held by this court: "Before a confession can be considered as evidence, it must appear to have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury. Penal Code, § 1006. . . If induced by another by hope of benefit or fear of injury, it is involuntary, although such inducement be held out by one person and the confession be subsequently made to another, who has no knowledge of such inducement and who offers none himself. Where there is evidence of a confession before the jury, it is for them to determine, from all the evidence, whether the confession was voluntary." *Griner* v. *State*, 121 *Ga.* 614 (6) (49 S. E. 700). It was error for the judge to admit in evidence and refuse to overrule the motion to exclude the testimony of the sheriff as to a con-

fession. Under the facts of this case the evidence as to confession should not be admitted, and left to the jury to say whether it was voluntary, in pursuance of the general rule expressed in the last sentence in the above-quoted decision, because the evidence of the sheriff, giving the testimony as to the confession, in substance admitting that the defendant had been taken from his custody "and carried to the swamp" by a mob the night before the confession was made, demands a finding that the confession was not made voluntarily and without being induced by another by the slightest hope of benefit or remotest fear of injury.

2. Other grounds of the motion for new trial do not require reversal, nor are they of such character as to require elaboration.

*Judgment reversed. All the Justices concur, except Beck, P. J., and Hines, J., dissenting.*