## 25703.  KITTLE v. THE STATE.

Decided September 16, 1936.

*Duke Davis,* for plaintiff in error.

*L. L. Meadors, solicitor,* contra.

Guerry, J.  Effie Kittle was charged with and convicted of unlawful possession of intoxicating liquor.  Her motion for new trial was overruled, and she brought a writ of error to this court.

On August 1, 1935, officers Carter and Shouse made a search of the home of the defendant, Effie Kittle.  When the officers came to a stop in front of the house, they saw a boy run around the house and pour whisky from a bottle in the back yard.  When they entered the house, a negro woman, Sis Philpot, the cook of defendant, put a bottle of whisky in the stove.  It burst, the fire ran up the chimney, down on the floor, and the whisky was burned.  At this time, the defendant made a statement to the two officers that the whisky placed in the stove was hers, that the negro woman was her cook, and placed the bottle of whisky in the stove at her direc-

tion. The husband of the defendant was not at this time living with her; but it was shown, without objection, that numerous times before this occasion, and while her husband was living there, whisky had been found in the house. The officers had been called to go several times to the home of the defendant, because of the assemblage of drunks there. When they got there, there would usually be a "bunch of drunks hanging around."

■ In a criminal case, it is not error for the judge to fail to charge the jury, that, to warrant a conviction on circumstantial evidence, the proved facts must not only be consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis save that of the guilt of the accused (Code, § 38-109), where the State has proved a positive confession of guilt by the defendant. *Perry* v. *State,* 110 *Ga.* 234 (36 S. E. 781) ; *Griner* v. *State,* 121 *Ga.* 614 (49 S. E. 700) ; *Harris* v. *State,* 152 *Ga.* 193 (5) (108 S. E. 777) ; *Duren* v. *State,* 158 *Ga.* 735 (124 S. E. 343) ; *Evans* v. *State,* 39 *Ga. App.* 7 (145 S. E. 903). Therefore, the State having introduced a confession by the defendant that the whisky found in the possession of her cook was hers, the court was not required to charge on the law of circumstantial evidence.

■ It is the general rule that in the trial of a criminal case the failure of the court to charge the law of confessions, in the absence of an appropriate and timely request, is not cause for the grant of a new trial; and while it is true that "there is a distinction between a case in which the conviction may depend upon a confession or upon other evidence, and a case in which conviction, if had, *must* depend upon the confession" (*Rucker* v. *State,* 2 *Ga. App.* 140 (2), 58 S. E. 295), in which latter case the trial judge should, without request, charge on the law of confessions, yet in the present case the conviction was not one which, if obtained, must have depended alone on the confession of the defendant, but could have been sustained by other evidence introduced by the State. In the absence of a timely written request, the judge did not err in omitting to charge the jury on the law of confessions.

■ The evidence amply supports the verdict. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*