## 31834. DAVIS *v.* THE STATE.

DECIDED FEBRUARY 3, 1948.

*Frank S. Twitty,* for plaintiff in error.

*Maston O'Neal, Solicitor-General,* contra.

GARDNER, J. ■ We will deal with the general grounds first. Able and diligent counsel for the defendant makes this statement in his brief: "Upon the trial, the evidence offered by the State was probably sufficient to support the verdict of manslaughter, but, according to the statement of the defendant and his witnesses, he made out a case of justifiable homicide." Conceding this statement to be well founded under the whole record the jury did not see fit to accept the statement of the defendant and his witnesses that the defendant was justified in the homicide. So that leaves the case, so far as the general grounds are concerned, for us to determine whether the evidence offered by the State is sufficient to support the verdict of voluntary manslaughter. After having carefully studied all of the evidence, and the surrounding circumstances as revealed by the record, we have little hesitancy in holding that the verdict is supported by the evidence. And unless we find some merit in one or more of the special grounds, the judgment should be affirmed.

■ Special ground 1 assigns error on the failure of the court to charge the law of mutual combat as applied to self-defense under the principles of law embraced in the Code, § 26-1014. This question has been presented to this court a number of times. Where one is on trial for murder and a verdict of voluntary manslaughter is returned, it is not reversible error for the court to fail to charge the principles of this section. In such an indictment a verdict of voluntary manslaughter is an acquittal of murder. The point would be good, provided mutual combat was involved under the evidence, if the verdict had been for murder. See *Maddox* v. *State,* 58 *Ga. App.* 450 (198 S. E. 799); *Gresham* v. *State,* 70 *Ga. App.* 80 (2) (27 S. E. 2d, 463); *Hilliard* v. *State,* 71 *Ga. App.* 528 (31 S. E. 2d, 246); *Cribb* v. *State,* 71 *Ga. App.*

539 (2) (31 S. E. 2d, 248); *Knight* v. *State*, 73 *Ga. App.* 556 (37 S. E. 2d, 435). Counsel for the defendant cites numerous cases in support of his assignment of error on this ground. Practically all of them are discussed and dealt with in the cases cited above. It follows, therefore, that if we concede, without deciding, that mutual combat was involved under the evidence in the instant case, the failure to charge the principles of law applicable to mutual combat is not reversible error.

■ We will consider special grounds 2, 3, and 7 together, since they are so closely related and are based upon the subject-matter of a written statement which the defendant signed after the homicide in the presence of the sheriff and one of his deputies. This written statement was introduced in evidence by the State without objection on the part of the defendant. It is not contended by counsel for the defendant that this statement was a plenary confession. It is only contended that it was an incriminating admission. The court in its charge to the jury did not refer to the written statement at all. So far as the record shows, the term "confession" was never referred to during the progress of the trial. Special ground 2 is to this effect: That the court erred in failing to charge as follows: "If the defendant in this case admitted the killing of Jim Neel, the deceased, in the manner described in the bill of indictment, but in the same connection offered a legal or justifiable excuse for the killing of Neel, then I charge you that you would not have an admission of guilt, and you should not consider it as a confession." Special ground 3 complains because the court failed to charge the following: "If you believe any admissions were made by the defendant as to any fact or facts illustrative of his guilt or innocence you might consider this circumstance in connection with and in the light of any other facts, if there be any other facts established to your satisfaction, bearing upon the guilt or innocence of the accused, and from all of the testimony determine his guilt or innocence, but that all admissions should be scanned with care and received with great caution." Special ground 7 complains because the court failed to charge the following: "I charge you that in order to make the defendant's confession, if you find that he did confess, evidence against him, it must appear to your satisfaction that such confession was made voluntarily, without being induced by

another, by the slightest hope of benefit, or the remotest fear of injury." The gist of the statement of the defendant which he signed for the sheriff did admit the killing, but at the same time claimed self-defense in so doing. There was no request to charge on behalf of the defendant as to his contentions on either of these grounds. This court held in *Kittle* v. *State*, 54 *Ga. App.* 232 (2), (187 S. E. 611), as follows: "It is the general rule that in the trial of a criminal case the failure of the court to charge the law of confessions, in the absence of an appropriate and timely request, is not cause for the grant of a new trial; and while it is true that 'there is a distinction between a case in which the conviction may depend upon a confession or upon other evidence, and a case in which conviction, if had, *must* depend upon the confession' (*Rucker* v. *State*, 2 *Ga. App.* 140 (2), 58 S. E. 295), in which latter case the trial judge should, without request, charge on the law of confessions, yet in the present case the conviction was not one which, if obtained, must have depended alone on the confession of the defendant, but could have been sustained by other evidence introduced by the State. In the absence of a timely written request, the judge did not err in omitting to charge the jury on the law of confessions." Thus it is seen that where, as here, the conviction did not depend upon any confession, nor did the incriminating admission of the killing depend upon such admission for conviction but upon other ample evidence, such assignments of error are without merit. Surely, if under the facts of this case or any case the failure to charge on confession, where plenary, is not reversible error when the conviction is based on other evidence independent of such confession, the less reason for reversal would seem to apply to only an incriminating admission. We find no merit in these assignments of error.

Special ground 4 assigns error because the court failed to charge the provisions of the Code, § 26-1017, as follows: "The homicide appearing to be justifiable, the person indicted shall, upon the trial, be fully acquitted and discharged." The court in its general charge instructed the jury as follows: "If you believe that the defendant shot and killed the person named in the indictment, but at the time of the killing the deceased was committing or attempting to commit a felonious assault upon

the person of the defendant, or the circumstances were such as to excite the fears of a reasonable person that the deceased was attempting, endeavoring, or about to commit a felonious assault upon the person of the defendant, and that the defendant shot and killed the deceased under those circumstances and not in a spirit of revenge, then and in that event, the defendant would be justified, and the form of your verdict would be, 'We, the jury, find the defendant not guilty.'" Then the court further charged: "If you are not satisfied of his guilt of either murder or voluntary manslaughter, or if you have a reasonable doubt as to his guilt of either, or if you believe him justified, then you should acquit him, and the form of your verdict would be . ." A comparatively recent case of our Supreme Court is to the effect that, in the absence of a written request, the failure to charge this section, where the principles therein contained are covered by the general charge, is not reversible error. *Tiller* v. *State,* 196 *Ga.* 508 (7) (26 S. E. 2d, 883). For numerous other decisions to the same effect see citations under Code (Ann.) § 26-1017. The charge of the court was sufficient, in the absence of a written request for more amplified instructions. For a reversal under this assignment, the defendant relies on *Waller* v. *State,* 102 *Ga.* 684 (28 S. E. 284). The reversal of the case on the failure to charge in that case was based on a different footing than the charge or the failure to charge in the instant case. There is no reversible error on this ground.

■ Error is assigned in special ground 5 on the failure of the court to charge the law applicable to involuntary manslaughter in the commission of an unlawful act, as embraced in Code § 26-1009. This court in *Randolph* v. *State,* 75 *Ga. App.* 253 (43 S. E. 2d, 101), held: "Where one uses a weapon deadly per se in the usual and natural manner in which such weapon is used to kill, and death results, the law presumes an intention to kill." Of course it is elementary that involuntary manslaughter is the killing without the intention to do so. Counsel for the defendant in support of his contention cites *Lyman* v. *State,* 89 *Ga.* 337 (15 S. E. 467). The weapon there used was an empty glass pitcher and only one blow was struck. Counsel also cites *Kelly* v. *State,* 145 *Ga.* 210 (88 S. E. 822). The weapon there used was a limb. In *Dorsey* v. *State,* 126 *Ga.* 633 (55 S. E.

479), the weapon used was a part of a billiard cue. The weapon used in the case of *Joiner* v. *State*, 129 *Ga*. 295 (58 S. E. 859), was "one which would not ordinarily produce death." The weapon used in *Anderson* v. *State*, 130 *Ga*. 364 (60 S. E. 863), was the root of a tree, the exact size of which was not given. Finally, our attention is called to the case of *Jackson* v. *State*, 43 *Ga. App*. 468 (159 S. E. 293), where this court said: "Where there is evidence sufficient to raise a doubt, however slight, upon the question whether the homicide was murder or manslaughter, voluntary or involuntary, it is the duty of the court to charge on all these grades of homicide. Applying the foregoing rule to the evidence in the case at bar, the trial judge erred in failing to charge the law of involuntary manslaughter, and for this reason alone the judgment is reversed." That ruling is beyond question the law of this State. The death in that case was caused by a gunshot wound. But there was some evidence to the effect that at the time the shot was fired a scuffle over the gun was in progress. It was, according to this phase of the evidence, at the time of the homicide not being used in the usual and ordinary manner in which such a weapon deadly per se, is used to kill. This special assignment is not meritorious.

■ Special ground 6 assigns error because the court submitted to the jury the question of voluntary manslaughter. It is contended in this ground that the evidence demanded a finding either for murder or justification. We have dealt with this question in the first division of this opinion, to the effect that the evidence was sufficient to support the verdict of voluntary manslaughter on the ground of irresistible passion aroused previously. This being so, this ground is without merit.

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*