*Maddox,* amici curiae.

## 32256. NANCE v. THE STATE.

PER CURIAM.

This appeal by Beverly June Nance is from an armed robbery conviction in Clayton Superior Court. The state contended that the appellant was an accomplice in the armed robbery. After conviction, the appellant was sentenced to six years imprisonment.

The state presented the following evidence at trial. Mrs. Adellè Eggleston testified that on the morning of June 7, 1975, at approximately 7 o'clock, a young white male carrying a gun knocked on the front door of her duplex apartment, located at 4381 Hendrix Drive, Forest Park, Georgia. As she answered the door, he forced his way into the apartment. He demanded her jewelry, specifically "the little round, gold case with the glass top." She gave him the jewelry box of that description which contained approximately $15,000 worth of jewelry, as well as various credit cards.

Mrs. Eggleston ran out of her house in pursuit of the robber as he was fleeing the scene. She saw him get into a car parked in front of and across the street from her neighbors' apartment building and drive off. She testified that someone with long, black hair was sitting at the driver's seat of the getaway car. She described the car as a "gray, light or tan, dirty-looking car ... an American car."

Mrs. Eggleston further testified that only one person, the defendant, knew of the "round, glass top, gold jewelry box." Mrs. Eggleston testified that she had befriended the defendant, who had been a nurse at a hospital at which she had been treated, and loaned her a watch from this jewelry box.

Mrs. Eggleston's neighbor, who lives in the duplex apartment adjoining Mrs. Eggleston's, testified at trial that he was inside his apartment drinking coffee at the time of the robbery. He heard some commotion outside and went to the door. He observed Mrs. Eggleston running out of her house. She told him that someone had just robbed her and pointed to a man running from her

apartment. He testified that the man ran across the street and got into a car. He testified that someone was in the car but he could not identify that person. He testified that the car was "a maroon-looking colored automobile."

Another neighbor of Mrs. Eggleston's, who lived in a duplex apartment across the street, testified that on the morning of June 7, 1975, at approximately 7 o'clock, there was a car with a woman in it parked in front of her driveway. This neighbor described the car as a beige Bonneville with a black top with damage to the right front quarter panel. The woman kept looking back out the window behind her car. The car was blocking this neighbor's driveway, but the woman moved the car across the street by the time that the neighbor left to take her husband to work. When the neighbor returned, the woman was gone. The neighbor made a positive pre-trial and in-court identification of the girl in the automobile as the defendant, Beverly June Nance.

Based on the foregoing information, the police obtained a warrant for the defendant's arrest as well as a search warrant for a residence. At that time she was living with her mother in Jonesboro. A search of her residence did not uncover any of the stolen goods. A brown 1967 or 1968 Oldsmobile registered in the name of the defendant was found parked at their apartment.

1. The defendant enumerates as error the failure of the trial court to instruct the jury on the law of circumstantial evidence. The trial court did not commit reversible error when it refused to instruct on circumstantial evidence. The eyewitness identification of the defendant by the victim's neighbor is direct evidence that the victim was concerned in the commission of the crime of armed robbery. See Code Ann. § 26-801.

2. The defendant's first and second enumerations of error are based on general grounds and are without merit.

3. Appellant's final enumeration of error that the assistant district attorney invited the accused to take a polygraph examination is not supported by the evidence. The appellant on direct examination made the statement that she wanted to take a polygraph examination. Pretermitting the question of whether the district attorney's offer to accommodate the appellant in her

desires by furnishing a polygraph examiner was error, the trial court adequately instructed the jury that results of polygraph examinations are not admissible as evidence.

*Judgment affirmed. All the Justices concur, except Jordan and Hill, JJ., who concur specially, and Undercofler, P. J., and Ingram, J., who dissent.*

SUBMITTED APRIL 29, 1977 — DECIDED JUNE 21, 1977 — REHEARING DENIED JULY 14, 1977.

*Mackay & Elliott, James A. Mackay, David L. G. King, Jr.,* for appellant.

*William H. Ison, District Attorney, James W. Bradley, Assistant District Attorney, Arthur K. Bolton, Attorney General, Daryl A. Robinson, Staff Assistant Attorney General,* for appellee.

HILL, Justice, concurring specially.

The per curiam opinion omits a critical fact. With that fact included, I believe the majority's judgment is correct. Without it, I cannot agree that the trial court did not err in refusing to instruct on circumstantial evidence; i.e., "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." Code Ann. § 38-109.

Where a person is charged with being a party to a crime by having driven the car in which the actual perpetrator got away, there are at least three possible hypotheses: (1) that the defendant was not the driver of the car (nonpresence, mistaken identification), (2) that the defendant drove the car but was not aware that the passenger had planned and committed a crime during the stop (mere presence, no participation), (3) that the defendant aided and abetted the actual perpetrator in the commission of the crime (presence plus participation; i.e., the defendant was a party to the crime). That is two hypotheses of innocence and one of guilt. Under these circumstances the jury should be instructed as to

circumstantial evidence and the reasonable hypothesis rule. Code Ann. § 38-109.

However, in the case before us the defendant testified that she was in Atlanta at the time of the robbery and was nowhere near the scene of the crime. Her testimony is critical to this decision because it eliminated hypothesis number 2 as being reasonable in this case, leaving only one possibility of innocence, to wit: mistaken identification, nonpresence. The jury was fully charged as to the main issue (alibi) and decided the identification question of presence/nonpresence against the defendant based on the testimony identifying the defendant in the car at the scene and about the time of the crime.

Hence, the defendant's testimony eliminated one reasonable hypothesis of innocence, leaving only the one hypothesis of innocence as to which the jury was fully charged, and thus under the circumstances of this case it was not reversible error to fail to charge the reasonable hypothesis rule.

INGRAM, Justice, dissenting.

I must dissent from Division 1 of the court's opinion (and to the judgment), as the requirements of Code Ann. § 38-109 have been confused and misapplied in this case. The court's opinion states that, " . . . the evidence presented at trial is entirely sufficient to be completely consistent with the verdict of guilty. Based on this evidence, there is no other reasonable hypothesis other than the guilt of the accused."

Code Ann. § 38-109 provides that: "[t]o warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." The fact that "the evidence presented at trial is entirely sufficient to be completely consistent with the verdict of guilty" is not enough to conclude that the evidence excludes every other reasonable hypothesis except guilt.

A review of the evidence from the trial court persuades me that this conviction is based entirely upon circumstantial evidence. Consequently, the provisions of Code Ann. § 38-109 should have been explained to the

jury in this case. I dissent.

I am authorized to state that Presiding Justice Undercofler joins in this dissent.