S95G0660. STUBBS v. THE STATE.
(463 SE2d 686)

THOMPSON, Justice.

We granted certiorari to the Court of Appeals in *Stubbs v. State,* 215 Ga. App. 873 (452 SE2d 571) (1994), to re-examine this issue: When is a trial court required to give a jury charge on circumstantial evidence in a criminal trial and what should the charge say? We reiterate our holding in previous cases: If the State's case includes both direct and circumstantial evidence, the trial court must charge on the law of circumstantial evidence upon request; if the State's case is composed solely of circumstantial evidence, the trial court must charge on the law of circumstantial evidence even without a request. In either case, the trial court's charge on the law of circumstantial evidence should follow OCGA § 24-4-6. *Yarn v. State,* 265 Ga. 787 (462 SE2d 359) (1995); *Mims v. State,* 264 Ga. 271 (443 SE2d 845) (1994); *Robinson v. State,* 261 Ga. 698 (410 SE2d 116) (1991).

Stubbs was convicted of burglary and possession of tools for the commission of a crime.[1] He did not request a charge on circumstantial evidence and none was given. On appeal, Stubbs argued that the trial

---

[1] He was also convicted of operating a motor vehicle with an improper tag.

court should have charged the jury on the law of circumstantial evidence even in the absence of a request. The Court of Appeals disagreed and affirmed in a fractured plurality opinion.[2]

1. In *Robinson v. State*, supra, and *Mims v. State*, supra, this Court held that it is error to refuse a charge on the law of circumstantial evidence if such a charge is requested by defendant. However, as we recently noted in *Yarn v. State*, supra, neither *Robinson* nor *Mims* can be read as departing from the longstanding rule that, in the absence of a request, a charge on the law of circumstantial evidence must be given if the State's case is based wholly on circumstantial evidence. Our law remains clear: (1) Even in the absence of a request, a trial court must charge on the law of circumstantial evidence when the State's case rests solely upon such evidence; (2) The charge should consist of the language set forth in OCGA § 24-4-6.

2. Because Stubbs did not request a charge on circumstantial evidence, it was not incumbent upon the trial court to charge on the law of circumstantial evidence if the State's case rested on both direct and circumstantial evidence. *Yarn v. State*, supra. Thus, the pivotal question is whether the State presented direct as well as circumstantial evidence of Stubbs' guilt.

Our Code defines direct evidence as that "which immediately points to the question at issue." OCGA § 24-1-1 (3). It describes circumstantial evidence as that "which only tends to establish the issue by proof of various facts, sustaining by their consistency the hypothesis claimed." OCGA § 24-1-1 (4). Unfortunately, these statutory definitions do not provide a clear-cut formula for identifying direct and circumstantial evidence. Thus, deciding whether evidence is direct or circumstantial remains a difficult and confusing task. See *Mims*, supra at 273, n. 5 (Hunt, Chief Justice, concurring).

Traditionally, the term "direct evidence" pertains to the testi-

---

[2] The conviction was affirmed per curiam. Judge Andrews, joined by Judges Johnson and Smith, concurred specially, holding that a circumstantial evidence charge need not be given in the absence of a request even if the State's evidence is wholly circumstantial. Presiding Judge Birdsong concurred specially holding that the evidence against Stubbs was direct and circumstantial and that, therefore, it was not incumbent upon the trial court to charge on circumstantial evidence in the absence of a request. Then Presiding Judge (now Chief Judge) Beasley concurred specially, holding the failure to charge on circumstantial evidence was not reversible error. Then Chief Judge (now Presiding Judge) Pope, joined by Presiding Judge McMurray and Judge Blackburn, dissented, opining that (1) the evidence against Stubbs was wholly circumstantial on the burglary offense, and therefore, the failure to charge on circumstantial evidence was error with regard to that offense and (2) the evidence against Stubbs was direct and circumstantial with regard to the possession of tools for the commission of a crime, and therefore, the failure to charge on circumstantial evidence was not error with regard to that offense. Judge Ruffin agreed with the dissenters, in part, adding that, in his view, the evidence with regard to the possession of tools for the commission of a crime was wholly circumstantial and that, therefore, it was also error to fail to charge on circumstantial evidence with regard to that offense.

mony of witnesses. See 1A Wigmore, Evidence, p. 950, § 24 (Tillers rev. 1983), quoting Patterson, The Types of Evidence: An Analysis, 19 Vand.L.Rev. 1 (1965). From that perspective, direct evidence is simply that which comes from the witness stand. This adds little, if anything, to the task of distinguishing direct from circumstantial evidence because the witness may not be testifying about a fact which "immediately points to the question at issue." OCGA § 24-1-1 (3). He may, instead, be testifying about a fact which only "tends to establish the issue." OCGA § 24-1-1 (4). Suppose, for example, an eyewitness testified that he saw the defendant commit the crime. There can be no doubt that such testimony is direct evidence because it immediately points to the question at issue — whether the defendant committed the crime. See, e.g., *Nance v. State*, 239 Ga. 381 (1) (236 SE2d 752) (1977) (eyewitness's identification of defendant is direct evidence of guilt). On the other hand, suppose a witness testified that, one hour before the commission of the crime, he saw the defendant standing on a corner two blocks away from the crime scene. Such testimony can hardly be considered to be direct evidence because it only tends to establish the issue — i.e., whether the defendant committed the crime. See, e.g., *Williams v. State*, 239 Ga. 12 (235 SE2d 504) (1977) (testimony that defendant had been seen in the company of participants in the crime is circumstantial evidence). Thus, whether evidence comes in the form of testimony does not determine whether it is direct or circumstantial.

The distinction between direct and circumstantial evidence has best been explained this way: Direct evidence is that which is consistent with *either* the proposed conclusion *or* its opposite; circumstantial evidence is that which is consistent with *both* the proposed conclusion *and* its opposite. 1A Wigmore, Evidence, pp. 948, 949, § 24 (Tillers rev. 1983) quoting Patterson, supra. For example, if the proposed conclusion is that defendant and others robbed the victim, the victim's voice identification of the defendant as one of the robbers is consistent with only the proposed conclusion and is, therefore, direct evidence. See *DePalma v. State*, 228 Ga. 272, 274 (185 SE2d 53) (1971) (voice identification of robber is direct evidence). Similarly, if the proposed conclusion is that the defendant and others robbed the victim, the defendant's *testimony* that he did not rob the victim is consistent with only the opposite of the proposed conclusion and is, therefore, direct evidence.[3] On the other hand, testimony that the defendant was seen in the company of the robbers an hour before the

---

[3] We point this out only to help the bench and bar distinguish direct and circumstantial evidence generally. In cases of this kind, when a court must decide whether to charge on the law of circumstantial evidence, the defendant's testimony will be of no consequence because the court's decision turns only on the evidence presented by the State. See fn. 4, infra.

robbery is consistent with *both* the conclusion *and* its opposite, i.e., it is consistent with both the defendant's guilt and his innocence. Although the testimony is relevant to the proposed conclusion, it is only circumstantial evidence of defendant's guilt. See 1A Wigmore, § 24, supra.

In this case, Stubbs was convicted of burglary and the possession of tools for the commission of a crime. We summarize the evidence presented by the State[4] as follows: Stubbs' car was parked near a furniture store while another man stood next to the car, holding a TV set; the man saw an approaching police car, put the TV down and ran. The officer observed a metal bar and a padlock, which had been pried from the front door of the furniture store, in Stubbs' car. Shortly thereafter, the furniture store's burglar alarm signalled an intrusion. In a statement given to the police, Stubbs said that he had stopped his car because he was intoxicated and sick; that he was approached by a man wanting to sell a TV; and that the man threw the padlock and something else into his car before he ran off.

With regard to the burglary, the State's evidence is consistent with *both* the proposed conclusion *and* its opposite, i.e., it is consistent with Stubbs' guilt (he was a participant in the burglary) and his innocence (he was a mere bystander). Thus, the State's evidence with regard to the burglary is wholly circumstantial and the trial court erred in failing to charge on the law of circumstantial evidence.[5]

With regard to the offense of possession of tools for the commission of a crime, the arresting officer's testimony that the metal bar was in Stubbs' automobile is consistent only with the proposed conclusion, i.e., it is only consistent with Stubbs' guilt.[6] Thus, the State's evidence with regard to the possession of burglary tools rested, at

---

[4] We look only to the State's case in determining whether a charge on the law of circumstantial evidence must be given. See *Yarn v. State*, supra; *Mims v. State*, supra; *Robinson v. State*, supra.

[5] Evidence that Stubbs was in possession of a burglary tool is only circumstantial evidence with regard to the burglary charge. The proposed conclusion is that Stubbs was a participant in the burglary. Stubbs' possession of the burglary tool is consistent with both the proposed conclusion and its opposite. Likewise, although a defendant's confession is direct evidence, see *Yarn v. State*, supra, and *Harris v. State*, 152 Ga. 193 (5) (108 SE 777) (1921), Stubbs' statement to the police is only circumstantial evidence because it too is consistent with both the proposed conclusion and its opposite.

[6] Although possession of tools for the commission of a crime requires the State to prove two elements, possession and intent, see *Hogan v. Atkins*, 224 Ga. 358, 359 (162 SE2d 395) (1968), testimony that Stubbs was in possession of such a tool is, nevertheless, direct evidence. That is because where the State must prove more than one element of a crime, each element may constitute a separate proposed conclusion. Thus, if a defendant is charged with possession of cocaine, the State must prove (1) possession and (2) an illegal substance. Testimony concerning defendant's possession is direct evidence; expert testimony concerning the nature of the substance is direct evidence. See *Wallace v. State*, 134 Ga. App. 708 (215 SE2d 703) (1975) (expert testimony that substance is cocaine is direct evidence).

least in part, on direct evidence and the trial court did not err in failing to charge on the law of circumstantial evidence.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Fletcher, P. J., who concurs specially and Carley, J., who concurs in the judgment only as to Division 2.*

FLETCHER, Presiding Justice, concurring specially.

The majority's opinion is yet another example of the futility of attempting to define direct evidence and circumstantial evidence. Contrary to the majority's conclusion, the officer's testimony that he found a metal bar in Stubbs' car is also consistent with Stubbs' theory of innocence: that the actual burglar dropped the bar into Stubbs' car.

A review of countless appellate opinions, including the several generated in this one case, leads to the conclusion that the difference between direct and circumstantial evidence lies only in the eye of the beholder. Because appellate courts are unable to provide a workable test that will clarify this area of the law, why do we continue to impose this additional burden on trial courts and continue to confuse juries? We should not continue to perpetuate distinctions in evidence when it is unnecessary to preserve fundamentally fair trials.

As I said in *Yarn v. State*,[7] and Judge Pope said in his opinion in this case,[8] the state must prove the defendant's guilt beyond a reasonable doubt and the state's evidence must exclude all reasonable theories of innocence whether the evidence is direct, circumstantial, or both. The continued life of the distinction between direct and circumstantial evidence serves no worthwhile purpose and should be eliminated.

DECIDED NOVEMBER 20, 1995.

*Lewis R. Lamb*, for appellant.
*Britt R. Priddy, District Attorney, Gregory W. Edwards, Assistant District Attorney*, for appellee.

---

[7] 265 Ga. 787 (462 SE2d 359) (1995) (Fletcher, P. J., dissenting).
[8] 215 Ga. App. 873, 878 (452 SE2d 571) (1994).