## S95G1050. RAINEY v. THE STATE.
### (465 SE2d 447)

THOMPSON, Justice.

Rainey was convicted of rape and possession of cocaine following a jury trial at which direct evidence of guilt was offered during the State's case-in-chief. He did not request a jury instruction on the law of circumstantial evidence, and none was given by the trial court. His convictions were affirmed by the Court of Appeals in *Rainey v. State*, 216 Ga. App. 557 (455 SE2d 73) (1995). We granted certiorari because the issues presented in Rainey's petition were then pending before this Court in *Stubbs v. State*, 265 Ga. 883 (463 SE2d 686) (1995). We subsequently rendered our decision in *Stubbs*, in which we reiterated that where the State's case rests both on direct and circumstantial evidence, a jury instruction on circumstantial evidence is required to be given only upon request. Since Rainey failed to request a charge on the law of circumstantial evidence as set out in OCGA § 24-4-6, the judgment of the Court of Appeals must be affirmed. *Stubbs*, supra.

*Judgment affirmed. All the Justices concur, except Fletcher, P. J., who concurs in the judgment only.*

DECIDED JANUARY 22, 1996.

*Lenzer & Lenzer, Robert W. Lenzer, Thomas P. Lenzer, Phyllis Miller*, for appellant.

*Daniel J. Porter, District Attorney, George F. Hutchinson III, Assistant District Attorney*, for appellee.