**SECOND DIVISION**
**RICKMAN, P. J.,**
**GOBEIL and DAVIS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**February 9, 2026**

# In the Court of Appeals of Georgia

A25A1898. EDMONDSON v. THE STATE.

DAVIS, Judge.

A Floyd County jury found Terrell Edmondson guilty of aggravated battery, exploitation of a disabled adult, and the commission of an unlawful act of violence in a penal institution, all in connection with allegations that Edmondson severely injured his cellmate at the Floyd County Jail. On appeal, Edmondson argues that the evidence was insufficient to support his convictions and that the trial court abused its discretion by allowing the State to present hearsay evidence from the victim's friend. Upon a close review of the facts and the relevant law, we affirm Edmondson's convictions and the denial of his motion for new trial.

Viewed in the light most favorable to the jury's verdicts,[1] the evidence at trial shows that Edmondson and Manuel Finley were cellmates in the maximum security section of the Floyd County Jail. Finley was approximately sixty years old and suffered from diabetes as well as numerous physical limitations following a recent stroke. Finley occupied the lower bunk of the cell while Edmondson occupied the top bunk. Inmates in the maximum security section are confined to their cells for 23 hours each day, and the cells do not have security cameras inside.

On the morning of May 29, 2023, prison guards arrived to transfer Finley to another cell when they found him lying on the cell floor in his underwear. The guards placed Finley in a wheelchair and transported him to the jail's medical unit. On the way, the guards noticed that Finley had visible bruising on his head and around his eyes as well as blood on his lip and redness across his ribs. A guard also noticed that Finley's back and left ear were swollen and discolored. No injuries were observed on Edmondson.

The jail's medical personnel decided to transfer Finley to the hospital for further evaluation. While in transport, Finley told the personnel that he had slipped

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

on the floor and fallen. At the hospital, a nurse noted swelling on the left side of Finley's face, and she noted that Finley possibly had a collapsed lung because he was short of breath, had pain in his left rib area, and because the nurse detected air leakage under the skin near his ribs. Finley told the nurse that another inmate had stomped on his chest and kicked him in the face. A trauma surgeon evaluated Finley and concluded that he had a collapsed lung, multiple rib fractures, and multiple transverse process spinal fractures. The surgeon concluded that the injuries were consistent with blunt force trauma, noting that such injuries are commonly caused by car accidents or assaults. The surgeon opined that, while a fall could potentially cause similar injuries, the combination and distribution of Finley's injuries made it very unlikely that they were caused by a simple fall from standing height.

The State also presented evidence from Regina Jackson, who lived with Finley before his incarceration and was Finley's longtime friend.[2] Jackson testified that Finley told her that he had taken Edmondson's Rice Krispies bar, Edmondson threw water on the floor causing him to slip, and Edmondson then beat him up and stomped

---

[2] The State provided pre-trial notice to Edmondson that it intended to present Jackson's hearsay testimony and that it sought to admit the testimony under the residual hearsay exception, OCGA § 24-8-807.

on him despite his repeated pleas asking Edmondson to stop. Finley told Jackson that it had taken jail personnel over an hour after the incident to check the cell.

A grand jury indicted Edmondson on one count of aggravated battery (OCGA § 16-5-24), one count of exploiting a disabled adult (OCGA § 16-5-102 (a)), and one count of committing an unlawful act of violence in a penal institution (OCGA § 16-10-56). The jury found Edmondson guilty on all counts, and the trial court sentenced Edmondson to a total of twenty years, with eight to serve. Edmondson filed a motion for new trial, which the trial court denied after a hearing. This appeal followed.

1. Edmondson first argues that the evidence presented at trial was insufficient to support his convictions because the State failed to disprove the hypothesis that Finley sustained his injuries from a fall rather than an assault. Edmondson contends that the State relied on circumstantial evidence and that Finley's conflicting statements about the incident rendered the evidence unreliable. We conclude that the evidence was sufficient to support his convictions.

> When evaluating the constitutional sufficiency of evidence, the proper standard of review is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. This Court views the

evidence in the light most favorable to the verdict, with deference to the jury's assessment of the weight and credibility of the evidence.

*Adams v. State*, 317 Ga. 342, 347–48(1) (893 SE2d 85) (2023) (citation modified).

A person is guilty of aggravated battery when he "maliciously causes bodily harm to another by depriving [him] of a member of [his] body, by rendering a member of [his] body useless, or by seriously disfiguring [his] body or a member thereof." OCGA § 16-5-24(a). Additionally, "[a]ny person who . . . willfully inflicts physical pain [and] physical injury . . . upon a disabled adult . . . shall be guilty" of exploitation and intimidation of a disabled adult. OCGA § 16-5-102(a).[3] Finally, "[n]o person legally confined to a penal institution shall commit an unlawful act of violence or any other act in a violent or tumultuous manner in a penal institution." OCGA § 16-10-56(b).

Here, we conclude that the evidence was sufficient for the jury to find Edmondson guilty of these crimes beyond a reasonable doubt. The jury heard

---

[3] A "disabled adult" is relevantly defined as "a person 18 years of age or older who is mentally or physically incapacitated[.]" OCGA § 16-5-100(3). "Mentally or physically incapacitated," in turn, is defined as "an impairment which substantially affects an individual's ability to [p]rovide personal protection; [p]rovide necessities, . . . ; [c]arry out the activities of daily living; or [m]anage his or her resources." OCGA § 16-5-100(7.1).

testimony that Finley was an inmate in a penal institution that had numerous physical limitations following a recent stroke which impaired his ability to protect himself and carry out basic daily activities on his own. Finley told a nurse that another inmate had stomped on his chest and kicked him in the face, and he told Jackson that Edmondson beat him up and stomped on him. Finley incurred multiple rib fractures and other injuries to the front and back of his torso and pneumothorax area. The treating physician concluded that Finley's injuries were consistent with blunt force trauma, noting that such injuries are commonly caused by car accidents or assaults. The treating physician opined that, while a fall could potentially cause similar injuries, the combination and distribution of Finley's injuries made it very unlikely that they were caused by a simple fall from standing height. This evidence was sufficient to support Edmondson's convictions. See *Lindo v. State*, 278 Ga. App. 228, 232–35(3) (628 SE2d 665) (2006) (evidence that the victim suffered substantial injuries, supported by medical testimony that the injuries were most likely not caused by a fall, was sufficient to support aggravated battery convictions).

Edmondson argues that the evidence was purely circumstantial and that it failed to completely exclude the reasonable alternative hypothesis that Finley's injuries were

caused by a mere slip and fall.[4] However, Finley's statement (relayed through Jackson) that Edmondson stomped on him and kicked him constituted direct evidence of Edmondson's guilt. See *Stubbs v. State*, 265 Ga. 883, 885(2) (463 SE2d 686) (1995) ("Direct evidence is that which is consistent with either the proposed conclusion or its opposite," whereas "circumstantial evidence is that which is consistent with both the proposed conclusion and its opposite.") (punctuation and emphasis omitted). Where there is direct evidence of guilt, the State need not exclude every other reasonable hypothesis. *Robinson v. State*, 309 Ga. 729, 731(1)(a) (848 SE2d 441) (2020).[5]

Accordingly, we conclude that the evidence was sufficient to support Edmondson's convictions.

---

[4] See *Adams*, 317 Ga. at 348(1) ("[U]nder Georgia statutory law, to warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused.").

[5] In any event, the jury was entitled to believe the testimony of the treating surgeon and Finley's statements to others, particularly his statements after he was separated from Edmondson and was no longer in the same room as him. Given the extent and nature of the injuries, as well as the corroborating evidence, the jury could reasonably conclude that Finley did not merely fall on his own.

2. Edmondson also contends that the trial court abused its discretion by allowing Jackson to testify about Finley's out-of-court statement identifying him as the individual who assaulted him. He contends that the statement was inadmissible hearsay that lacked the circumstantial guarantees of trustworthiness required by the residual hearsay exception, OCGA § 24-8-807, and that the admission of Jackson's testimony violated his rights under the Confrontation Clause. We ultimately discern no abuse of discretion in the admission of Jackson's testimony.

We review a trial court's decision to admit hearsay evidence under OCGA § 24-8-807 for abuse of discretion. *Tanner v. State*, 301 Ga. 852, 856(1) (804 SE2d 377) (2017). The residual hearsay exception allows admission of a statement not otherwise specifically covered by statute if it has "equivalent circumstantial guarantees of trustworthiness" and if the trial court determines that (1) it is offered as evidence of a material fact; (2) it is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (3) the general purposes of the rules of evidence and the interests of justice will best be served by admission of the statement into evidence. OCGA § 24-8-807.

> Our Supreme Court has cautioned that an appellate court should be
> "particularly hesitant to overturn a trial court's admissibility ruling

8

under the residual hearsay exception absent a definite and firm conviction that the court made a clear error of judgment in the conclusion it reached based upon a weighing of the relevant factors.

*Brooks v. State*, 365 Ga. App. 711, 726-27(6) (880 SE2d 226) (2022) (quotation marks omitted).

First, we conclude that the first two prongs of the statute are met. Jackson's testimony was offered as evidence of material facts as to what transpired between Finley and Edmondson, and her testimony was more probative than the nurse's testimony as to what Finley told her because it was a private statement by the victim to a trusted confidante and because Jackson's testimony provided many key details (such as identifying Edmondson as the inmate that attacked Finley) that were lacking in Finley's statement to the nurse. See *Rai v. State*, 297 Ga. 472, 477(2) (775 SE2d 129) (2015)(defendant's contemporaneous, detailed statement to a close family member was more probative than other admissible, but less complete accounts); *Brooks*, 365 Ga. App. at 727(6) (same). Furthermore, although the residual hearsay exception does not expressly require that the declarant be unavailable, availability is relevant to the question of whether the State used reasonable efforts to obtain more probative evidence. See *State v. Hamilton*, 308 Ga. 116, 126(4)(b) (839 SE2d 560)

(2020) ("[A]vailability re-enters the analysis of whether or not to admit statements into evidence because of the requirement that the proponent use reasonable efforts to procure the most probative evidence on the points sought to be proved.") (citation modified). Here, there was evidence in the record that Finley was unavailable as a witness because, due to his prior medical impairments as well as his injuries from the incident involving Edmondson, he was on a ventilator, his condition rapidly deteriorated when removed from it, and no improvement in his condition was expected. Accordingly, the trial court did not abuse its discretion by concluding that the first two prongs of the statute were met.

Additionally, we conclude that the trial court did not abuse its discretion by concluding that Jackson's testimony had "circumstantial guarantees of trustworthiness" that are equivalent to statements that are admissible under other portions of the hearsay statute. As noted above, Jackson lived with Finley for many years, and the two shared a close relationship. *Rai*, 297 Ga. at 477-78(2) (victim's statement to close family confidantes had indicia of trustworthiness). Finley also made the statement to Jackson within a day or two of his hospitalization while the incident was still fresh in his mind. Jackson's testimony was also consistent with Finley's

statement to the nurse as well as the nature of his injuries. Although Jackson was inconsistent as to whether Finley made the statement at home or at the hospital, this minor discrepancy does not sufficiently undermine the statement's overall reliability so as to be inadmissible. Considering the totality of the circumstances, we conclude that the trial court acted within its discretion when it admitted Jackson's statement under the residual hearsay exception.

Finally, we reject Edmondson's claim that the admission of Jackson's statement violated the Confrontation Clause. The Clause only applies to statements that are "testimonial" — that is, when the primary purpose of the statement is to establish evidence for future prosecution. *Tanner*, 301 Ga. at 857(2). Finley's statement to a close friend in a private setting was not made for that purpose, and so its admission did not run afoul of the Confrontation Clause. See id. (victims' statements to his mother after the incident were not testimonial in nature, and so the Confrontation Clause did not apply to bar their admission into evidence).

Accordingly, we affirm Edmondson's convictions and the denial of his motion for new trial.

*Judgment affirmed. Rickman, P. J., and Gobeil, J., concur.*