## 32226. STANLEY v. THE STATE.

JORDAN, Justice.

William Stanley appeals his conviction of armed robbery and sentence of 20 years, 12 years to be served in the penitentiary and the remainder on probation.

The appellant was jointly indicted with Runnian Terrell Chism for the armed robbery of the manager of a store in Douglas County. After entering a guilty plea, Chism testified for the state against the appellant. He received a lighter sentence (15 years) because of his plea and testimony.

Because of the description given of a car seen by a Douglasville police officer near the scene of the crime, the appellant's car was stopped by a Cobb County police officer shortly after the crime on an interstate highway. The appellant was driving and Chism was with him. The Sheriff of Douglas County, who came to the arrest scene, saw money between the floor mat and the molding of the front seat on the passenger side of the car, and found a pistol on the pavement near the passenger side of the car.

The appellant testified that he went to Douglasville to visit a friend but found the house dark; that he saw Chism standing by the side of the road hitchhiking, recognized him, and gave him a ride; and that he knew nothing of the robbery, the money, or the gun until he was stopped by the police officer.

1. The first two enumerated errors contend that the court erred in refusing to give two requested charges on

the law of circumstantial evidence.

"It is proper for the court, in the trial of a case where the evidence is both direct and circumstantial, to define.to the jury each class of evidence and explain the difference between them." *Joiner v. State,* 105 Ga. 646 (1) (31 SE 556) (1898); *Shivers v. State,* 181 Ga. 557, 561 (2) (183 SE 489) (1936); *Dennis v. State,* 216 Ga. 206 (1) (115 SE2d 527) (1960).

It is the general rule that where there is direct evidence in the case, it is not error to refuse to charge on circumstantial evidence. *Gaines v. State,* 232 Ga. 727, 729 (3) (208 SE2d 798) (1974). The appellant contends that there is an exception to this general rule where the only direct evidence comes from a witness who the jury was authorized to find had been impeached.

The only direct evidence was given by Chism, the appellant's co-indictee. He testified that he and the appellant jointly planned the robbery; that they came from Atlanta to Douglasville in the appellant's car; that he (Chism) went into the store and robbed the woman operating the store, threatening her with a pistol; and that he then went back to the car.

On cross examination Chism admitted that every time he had been questioned about the robbery he had stated that the appellant picked him up after the robbery and knew nothing about it. The sheriff testified that Chism told him that the appellant did not have anything to do with the robbery.

The appellant relies on two cases by the Court of Appeals. In *Horne v. State,* 93 Ga. App. 345 (4) (91 SE2d 824) (1956), the Court of Appeals held: "Where, upon the trial of one charged with possessing non-tax-paid whisky in a dry county of this state, the only *direct* evidence of the defendant's possession of the whisky comes from a witness who, the jury was authorized to find, had been impeached, and the trial court properly instructed the jury on the law of impeachment, it was error requiring the grant of a new trial for the trial court to fail to instruct the jury on the law of circumstantial evidence. . ." This principle was followed in *Julian v. State,* 134 Ga. App. 592, 599 (6) (215 SE2d 496) (1975) (cert. den.).

This is a correct rule, and one that is applicable in the

present case. It was error to refuse the written requests to charge on circumstantial evidence. Compare: *Perdue v. State,* 126 Ga. 112 (5) (54 SE 820) (1906); *Ramsey v. State,* 212 Ga. 381 (92 SE2d 866) (1956).

2. There is no merit in enumerated errors 3 and 4, complaining of the admission in evidence of a carton of cigarettes found in the appellant's car, and a pistol found on the pavement beside the car.

3. Enumerated error 5 asserts that the court erred in denying the appellant's motion for new trial on the ground of newly discovered evidence. This evidence was the affidavit and statements of Chism that he had falsely implicated the appellant in the robbery. At the hearing on the motion for new trial Chism testified that he had given truthful evidence on the trial, and that his subsequent statements and affidavit were false.

The trial judge denied this ground of the motion because it was merely impeaching and cumulative in nature. There was no error in this ruling.

*Judgment reversed. All the Justices concur.*

Argued May 9, 1977 — Decided June 20, 1977.

*Hartley & Reid, George C. Reid,* for appellant.

*John T. Perren, District Attorney, Arthur K. Bolton, Attorney General, Isaac Byrd, Staff Assistant Attorney General,* for appellee.