## 56968. GIBSON v. THE STATE.

SMITH, Judge.

The trial court erred in failing to charge the law of circumstantial evidence, and we therefore reverse appellant's conviction of child molestation.

1. The general grounds are without merit.

2. Contrary to appellant's contention, the state's failure to produce material not in its possession, control or custody did not constitute a failure to comply with his notice to produce. Code § 38-801 (g).

3. The trial court properly overruled appellant's objection that a particular question called for hearsay testimony.

4. We find no abuse of discretion in the manner in which the trial court controlled appellant's cross examination. Furthermore, the witness having failed to state that the playing of a particular recording would help to refresh her recollection, the trial court did not err in refusing to allow appellant to play the recording for such a purpose.

5. "[A] witness who has testified to the good character of the accused may be asked on cross-examination if he has not heard of specific charges

against him." *May v. State,* 185 Ga. 335, 339 (195 SE 196) (1938). The trial court properly overruled appellant's objection asserting the contrary.

6. Even though appellant neglected to request such a charge, the trial court's failure to charge on circumstantial evidence constitutes reversible error. The jury was authorized to find, by the evidence and the court's instruction, that the female victim was impeached by proof of prior contradictory statements and general bad character. Her testimony had provided the only direct evidence that appellant committed the crime of child molestation. "Where, upon the trial of one charged with possessing non-tax-paid whisky in a dry county of this State, the only *direct* evidence of the defendant's possession of the whisky comes from a witness who, the jury was authorized to find, had been impeached, and the trial court properly instructed the jury on the law of impeachment, it was error requiring the grant of a new trial for the trial court to fail to instruct the jury on the law of circumstantial evidence." *Horne v. State,* 93 Ga. App. 345, 346 (91 SE2d 824) (1956). See also *Stanley v. State,* 239 Ga. 260 (236 SE2d 611) (1977); *Williams v. State,* 239 Ga. 12 (2) (235 SE2d 504) (1977); and *Nelms v. State,* 150 Ga. App. 720 (1979).

*Judgment reversed. Quillian, P. J., and Birdsong, J., concur.*

SUBMITTED JANUARY 15, 1979 — DECIDED JUNE 26, 1979 — REHEARING DENIED JULY 13, 1979.

*Swearingen, Childs & Philips, Ben B. Philips,* for appellant.

*William J. Smith, District Attorney, Haywood Turner, J. Gray Conger, Assistant District Attorneys,* for appellee.