## 59203. MAYFIELD v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted and convicted of selling a controlled substance, phencyclidine, in violation of the Georgia Controlled Substances Act. Defendant appeals. *Held:*

1. Defendant contends that the evidence was insufficient to establish the chain of custody of the alleged contraband with reasonable certainty. The state's evidence is that an agent for the revenue department, operating in Stephens County, purchased three tablets wrapped in a piece of aluminum foil from defendant for $9. The state's evidence also shows that another revenue department agent had custody of the state's one exhibit, which a state crime laboratory chemist had tested and found it to be positive for phencyclidine, and for a time stored this exhibit in the vault of the Sheriff of Stephens County. The defendant contends there is no evidence in the record showing the three tablets purchased from the defendant and the state's exhibit introduced at the trial to be one and the same. This contention overlooks the rebuttal testimony of the revenue agent who made the purchase, that the tablets introduced into evidence at trial were the same as those which he had purchased from the defendant.

The defendant has produced no evidence of substitution or tampering, and the state's evidence is sufficient to show that it is reasonably certain that there was no alteration. When there is only a speculation of tampering it is proper to admit the evidence, and any doubt which remains goes to the weight of the evidence. *Johnson v. State,* 143 Ga. App. 169, 170 (1) (237 SE2d

681).

2. Defendant's wife was presented as a witness in his behalf and on cross examination the district attorney inquired as to a burglary of defendant's home, which had occurred shortly before the purchase of the tablets from the defendant, eliciting testimony that the bottom of one chair had been ripped up. The following colloquy ensued: "Mr. Irvin [defense counsel]: Your Honor I hesitate to object but what does this burglary have to do with this case? The Court: I don't know, does it have something to do with this case? Mr. Stockton [District Attorney]: Burglars don't rip the bottom of chairs out unless they are looking for something Your Honor and . . . Mr. Irvin: Your Honor I'm going to object to that, that's not proper. . . Mr. Stockton: I haven't . . . Mr. Irvin: If he can't establish the sale by his own witness then he hasn't got a case . . . Mr. Stockton: Oh, I think that's all I have. Mr. Irvin: You can come down Mary."

Relying upon Code § 81-1009 defendant contends the trial court erred in failing to reprimand the district attorney for his comments before the jury during this colloquy. However, defendant's objection was too general and too vague to present anything for consideration. *Touchstone v. State,* 121 Ga. App. 602, 609 (4) (174 SE2d 450); *Goldsmith v. State,* 148 Ga. App. 786, 789 (9) (252 SE2d 657). The defendant's contentions under Code § 81-1009 may not be raised for the first time on appeal. *Joyner v. State,* 208 Ga. 435, 437 (2) (67 SE2d 221); *Cochran v. State,* 213 Ga. 706 (2) (100 SE2d 919).

3. Defendant contends that the jury was authorized to find that the agent purchasing the controlled substance was impeached by a prior contradictory statement made in a narrative report which he had prepared in regard to this case. Defendant then suggests that because this agent's testimony provided the only evidence that defendant committed the crime of selling phencyclidine, the trial court was required to charge the jury on the law of circumstantial evidence. In making this contention, the defendant relies upon *Horne v. State,* 93 Ga. App. 345, 346 (4) (91 SE2d 824) and similar cases. The necessity of the charge on circumstantial evidence in *Horne v. State,* supra (a possession of nontax-paid whiskey case), arose

because if the jury in that case found the witness offering the direct evidence to have been impeached, the jury was left to decide the defendant's guilt or innocence entirely from circumstantial evidence without any instruction upon the law of circumstantial evidence. In the case sub judice the state's case is predicated entirely upon the direct evidence offered by the revenue agent. If the jury determines this witness was impeached, then there would be no other evidence authorizing a verdict of guilty. Therefore, in this case there is no issue requiring the charge on the law of circumstantial evidence.

4. Defendant's fourth enumeration of error is predicated upon the factual assertion that following the jury's verdict defendant was ordered by the trial court judge to take a polygraph test to determine his guilt or innocence. The record before us contains a number of references to a polygraph test taken by the defendant. When mentioned in colloquy between the trial court and counsel at the sentencing hearing, reference to the polygraph test is made in connection with another case against the defendant charging him with perjury and mentioning an agreement whereby the polygraph evidence was to be admissible in that case. The only connection shown between the polygraph test and this case is an order of the trial court authorizing the county commissioners of Stephens County to pay to one W. A. Robinson a sum for administration of polygraph tests, which order is under the style of this case and typed on manuscript paper of defense counsel.

This court must consider the cases before it on the record submitted by the clerk of the trial court. This record, although containing some references as noted to a polygraph test, contains no support for the factual assertion upon which this enumeration of error is predicated. The burden of showing harmful error rests with the appellant, and the defendant has failed to sustain this burden. We find that this enumeration of error is not meritorious. *Raymond v. State,* 146 Ga. App. 452 (2) (246 SE2d 461); *Young v. State,* 144 Ga. App. 712 (1) (242 SE2d 351).

5. There was no error in the trial court's failure to direct a verdict of acquittal. The evidence was sufficient to

support the jury verdict. *Harris v. State,* 234 Ga. 871, 873 (218 SE2d 583); *Moore v. State,* 240 Ga. 807, 811 (II (1)) (243 SE2d 1). After a review of the trial transcript and record we find that a rational trier of fact could readily have found the defendant guilty beyond a reasonable doubt of the offense of violation of the Georgia Controlled Substances Act. *Payne v. State,* 151 Ga. App. 165, 166 (259 SE2d 168); *Whatley v. State,* 151 Ga. App. 174, 175 (259 SE2d 175).

6. Defendant contends that the sentence imposed constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution. The sentence imposed, however, was within the statutory limitations. Therefore, this court is without jurisdiction to review the sentence. *Garrett v. State,* 147 Ga. App. 500, 501 (3) (249 SE2d 315).

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED JANUARY 16, 1980 — DECIDED FEBRUARY 13, 1980.

*Dan T. Pressley, Sr., Charles S. Thornton,* for appellant.

*V. D. Stockton, District Attorney, Michael H. Crawford, Assistant District Attorney,* for appellee.