## 66116. GREEN v. THE STATE.

McMurray, Presiding Judge.
Defendant Green was indicted and convicted on two counts of violation of the Georgia Controlled Substances Act (Count III, selling cocaine on February 27, 1982; Count IV, possession of cocaine on March 11, 1982). Both of defendant's enumerations of error arise from his conviction for selling cocaine (Count III). There was no appeal from his conviction for possession of cocaine (Count IV). *Held:*

1. The state's evidence shows that defendant Green sold cocaine to an undercover law enforcement officer through an intermediary, Ball (Ball and Green were indicted and tried jointly. See *Ball v. State,* 167 Ga. App. 546 (—— SE2d ——) (1983)). The undercover officer's testimony provided the evidence essential to defendant Green's conviction for selling cocaine.

The undercover officer testified that: He gave Ball $25 in order that Ball purchase cocaine for him. He observed Ball hand defendant Green the $25. Green then drove away from the pool hall where this was transpiring and later returned. Upon Green's return he (Green) handed money to Ball. Ball returned to the undercover officer and told the officer that $25 would not buy cocaine, "that they were not selling anything less than $50.00." The officer gave Ball an additional $25 for a total of $50. Ball returned to Green and gave him the $50 and defendant again drove away. Defendant returned in about twenty minutes and without getting out of his automobile reached out the window to hand Ball "a clear plastic bag, containing a white substance." The undercover officer observed Ball holding the bag in his hand and walk back inside of the pool hall. Ball then handed the plastic bag to the officer.

On cross-examination, the undercover officer testified that at the time of the transfer of the cocaine from defendant Green to Ball there was no one in the automobile with defendant. During the cross-examination of another of the state's witnesses (another law enforcement officer involved in the case), testimony was given

relating to a prior statement of the undercover officer contradicting the undercover officer's testimony that no one had been in the automobile with defendant Green at the time of the alleged transfer of cocaine.

Defendant contends that as it has become a jury question whether the witness, upon whose direct evidence the state depends, has been impeached, the failure to charge on circumstantial evidence is reversible error, even though there was no request by defendant Green that such a charge be given. Defendant cites in support thereof the cases of *Horne v. State,* 93 Ga. App. 345 (91 SE2d 824); *Julian v. State,* 134 Ga. App. 592 (215 SE2d 496); and *Gibson v. State,* 150 Ga. App. 718 (258 SE2d 537). These cases express a policy to avoid permitting the jury to determine a defendant's guilt or innocence entirely from circumstantial evidence without any instruction on the law of circumstantial evidence.

In the case sub judice, the jury was authorized by the evidence to determine that the undercover officer had been impeached. The jury was so charged by the trial court. Were the jury to determine that the undercover officer had been impeached the jury would be authorized to believe or disbelieve any portion of the undercover officer's testimony, which the jury deemed appropriate. Therefore, particularly in the light of defendant Green's vigorous attempt to elicit an admission by the undercover officer that his view from the pool hall was less than optimal for purposes of observing the actions of Ball, the jury may have decided to reject the testimony of the undercover officer that he observed Ball carrying the plastic bag in his hand continuously from the time Ball received that bag from Green until he delivered it into the hands of the undercover officer. Any substantial break in the undercover officer's observation of the bag from the time it left Green's hand until he received it would render as circumstantial the evidence that the bag passed from Green to Ball was the same as the bag passed from Ball to the undercover officer. Parenthetically, we note that upon cross-examination the undercover officer conceded that under the circumstances in question it was hypothetically possible that the cocaine was passed to Ball by someone other than Green. Although no request to charge the law of circumstantial evidence was made by defendant Green, in view of the possibility that the defendant was convicted entirely upon circumstantial evidence, the absence of a charge as to the law of circumstantial evidence must be viewed as harmful error. *Gibson v. State,* 150 Ga. App. 718, 719 (6), supra.

2. Under the facts and circumstances of the case sub judice, the trial court did not abuse its discretion in declining to permit a jury view of the scene of the crime. *Sutton v. State,* 237 Ga. 418, 419 (3)

(228 SE2d 815); *Thornton v. State,* 161 Ga. App. 296, 299 (2) (287 SE2d 749).

*Judgment reversed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED JULY 15, 1983.

*Edward D. Tolley,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.