## A90A1845. ROBINSON v. THE STATE.
(405 SE2d 101)

CARLEY, Judge.

Appellant was tried before a jury and found guilty of two counts of armed robbery. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.

The sole enumeration of error relates to the failure of the trial court to give appellant's requested charge based on OCGA § 24-4-6. He relies upon *Horne v. State*, 93 Ga. App. 345, 346 (4) (91 SE2d 824) (1956) and its progeny, which stand for the proposition that if a jury could find that the witnesses offering the direct evidence against a defendant were impeached, so that any conviction would then necessarily have to rest upon circumstantial evidence, the jury should be instructed in accordance with OCGA § 24-4-6. However, in this case, the *only* evidence that could possibly be classified as "circumstantial" was evidence that the appellant owned a jacket similar to one worn by the perpetrator and that the appellant was at home on the day of the crime and, thus, could have committed the offense. While such evidence may be considered to be "circumstantial," it certainly would

not be sufficient, in and of itself, to authorize a conviction. "The necessity of the charge on circumstantial evidence in *Horne v. State*, supra . . ., arose because if the jury in that case found the witness[es] offering the direct evidence to have been impeached, the jury was left to decide the defendant's guilt or innocence entirely from circumstantial evidence without any instruction upon the law of circumstantial evidence. In the case sub judice the [S]tate's case is predicated entirely upon the direct evidence offered by the [victims]. If the jury determines [these witnesses were] impeached, then there would be no other evidence *authorizing* a verdict of guilty. Therefore, in this case there is no issue requiring the charge on the law of circumstantial evidence." (Emphasis supplied.) *Mayfield v. State*, 153 Ga. App. 459, 460-461 (3) (265 SE2d 366) (1980).

Appellant apparently loses sight of the fact that the charge that he requested provides that "*to warrant a conviction on circumstantial evidence alone*, the proven facts must not only be consistent with the theory of guilt, but must exclude every other reasonable theory other than the guilt of the accused." (Emphasis supplied.) It clearly is not reversible error to fail to give this charge in a case, such as this, where the circumstantial evidence alone would *not* warrant a conviction, but would, in fact, mandate a *reversal* on the general grounds. The "circumstantial evidence" in the instant case was, at most, *corroborative* of the victims' direct eyewitness testimony and is not otherwise relevant to appellant's guilt. Since appellant's *conviction* is dependent entirely upon the victims' eyewitness testimony and a charge on impeachment *was* given, the jury in the instant case was *not* left to decide appellant's guilt or innocence entirely from circumstantial evidence because there was *no* circumstantial evidence which, standing alone, would authorize his conviction. It follows that the trial court did not err in failing to give appellant's requested charge.

*Judgment affirmed. McMurray, P. J., Banke, P. J., and Pope, J., concur. Beasley and Andrews, JJ., concur in judgment only. Sognier, C. J., Birdsong, P. J., and Cooper, J., dissent.*

SOGNIER, Chief Judge, dissenting.

I must respectfully dissent because I believe appellant was entitled to have the requested charge given.

Appellant's sole defense was misidentification, and on cross-examination he elicited several inconsistent statements from the victims: one victim testified in a conflicting matter about whether the gunman was wearing a hat, saying at various times during cross-examination both that appellant was not wearing a hat and that he may have been wearing a hat; the other testified on direct examination that he had never seen appellant prior to the robbery, but admitted on cross-examination that at the preliminary hearing he testified that

he had seen appellant on two occasions prior to the robbery. There were other minor inconsistencies in the victims' testimony as well.

Although the trial judge defined circumstantial evidence in her charge, she refused to give appellant's requested charge. In my view (as in the trial court's), it was a jury question whether the victims had been impeached, and their testimony provided the only direct evidence in the case. Consequently, the failure to charge on circumstantial evidence was reversible error under the authority of *Horne v. State*, 93 Ga. App. 345, 346 (4) (91 SE2d 824) (1956). See also *Green v. State*, 167 Ga. App. 548, 549 (1) (306 SE2d 354) (1983); *Gibson v. State*, 150 Ga. App. 718, 719 (6) (258 SE2d 537) (1979). "These cases express a policy to avoid permitting the jury to determine a defendant's guilt or innocence entirely from circumstantial evidence [where the witnesses providing the direct evidence have been impeached] without any instruction on the law of circumstantial evidence." *Green*, supra.

The question of whether, under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), a conviction was *authorized* upon the circumstantial evidence presented in this case is not at issue here. The issue is rather whether the jury actually based its verdict of guilty on that evidence. I believe that it is possible they did, because the cumulative effect of all the circumstantial evidence could have resulted, by itself, in a conviction, whether authorized or not.

The circumstantial evidence that appellant owned a bright red Hawks jacket identical to the one the victims identified as the one worn by the robber was stressed to the jury in closing argument. The State also relied heavily on the fact that when appellant was arrested he *removed* the jacket before facing the victims. In addition, there was circumstantial evidence indicating that appellant was at home on the day of the robbery, and although appellant claimed he was recuperating from a back injury incurred when *he* was robbed, he had not reported that robbery to the police or seen a doctor for the injury. In my view, collectively, this circumstantial evidence may well have persuaded the jury to convict appellant even if it believed the victims had been impeached and did not believe the direct identification evidence. Thus, the fact that a reversal on the general grounds might be indicated leads inexorably to the conclusion that failure to give the requested charge was, indeed, harmful and reversible error. I must point out also that the fact that circumstantial evidence *was* presented distinguishes this case from *Mayfield v. State*, 153 Ga. App. 459, 460-461 (265 SE2d 366) (1980) relied on by the majority. I would reverse this conviction and order a new trial.

I am authorized to state that Presiding Judge Birdsong and Judge Cooper join in this dissent.

Decided March 15, 1991 —
Rehearing denied March 28, 1991 — 

*Kenneth D. Kondritzer*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney*, for appellee.