A91A0682. POSTELL v. THE STATE.
(407 SE2d 412)

ANDREWS, Judge.

Postell appeals his convictions for rape and robbery by intimidation. The victim testified that Postell had sexual intercourse with her by force and against her will, and, by means of coercion and intimidation, took jewelry from her person. OCGA §§ 16-6-1; 16-8-40. Postell did not testify and presented no evidence.

1. In his first enumeration, Postell claims the trial court erroneously failed to give his requested jury charge defining the nature of direct and circumstantial evidence, and instructing the jury that, to warrant a conviction on circumstantial evidence alone, the facts must not only be consistent with the state's theory of guilt, but must ex-

clude every other reasonable theory save that of the defendant's guilt. See OCGA § 24-4-6. The evidence against Postell was direct and circumstantial. The victim gave direct evidence that Postell, who she had been dating for a short time, raped and robbed her. Additionally, the state introduced evidence of a circumstantial nature. The testimony of the victim's pastoral counselor was offered to show that she had certain personality and character traits which made her particularly vulnerable to the rape and robbery. The jury heard witnesses whose testimony was allowed to show that the victim's description of the rape and robbery to them was consistent with the testimony given by the victim. Testimony from another witness and the victim was offered to show the victim's religious affiliation and beliefs to demonstrate the victim did not consent to sexual intercourse with the defendant because of a strongly held religious belief that such conduct was wrong outside of marriage. Evidence showed the victim was married, but at the time of the incident was separated from her husband.

The evidence included testimony from the victim that, during their relationship, she told the defendant she would not have sexual relations with him because her church taught that it was wrong outside of marriage. However, on cross-examination, the victim testified that a few days before the rape and at the defendant's request, she willingly performed oral sex with the defendant. She admitted that this conduct violated her church's teachings.

Whether or not the victim consented was a material issue in the case. The only direct evidence in the case was the testimony of the victim. The jury was authorized to conclude that the victim's testimony was at least partially impeached when, after testifying on direct examination that she would not have consensual sexual relations with the defendant because of her religious beliefs, she later contradicted that testimony on cross-examination by admitting she willingly had sexual relations with the defendant prior to the charged rape. OCGA § 24-9-82. "If a witness is impeached or discredited in some legal manner, a jury or a trial judge in a non-jury case may disbelieve him altogether." *Mustang Transp. v. W. W. Lowe & Sons*, 123 Ga. App. 350, 352-353 (181 SE2d 85) (1971); OCGA § 24-9-80.

The trial judge instructed the jury as to impeachment, but failed to give any charge on the law of circumstantial evidence. When a jury question exists as to whether the only witness giving direct evidence of the crime has been impeached, it is reversible error for the trial court to fail to charge on the law of circumstantial evidence, even in the absence of a request. *Stanley v. State*, 239 Ga. 260, 261-262 (236 SE2d 611) (1977); *Green v. State*, 167 Ga. App. 548, 549 (306 SE2d 354) (1983); *Gibson v. State*, 150 Ga. App. 718, 719 (258 SE2d 537) (1979); *Julian v. State*, 134 Ga. App. 592, 599 (215 SE2d 496) (1975). "These cases express a policy to avoid permitting the jury to deter-

mine a defendant's guilt or innocence entirely from circumstantial evidence without any instruction on the law of circumstantial evidence." *Green*, supra at 549.

However, "where the circumstantial evidence alone would *not* warrant a conviction, but would, in fact, mandate a *reversal* on the general grounds" it is not reversible error to fail to give the requested charge. (Emphasis in original.) *Robinson v. State*, 199 Ga. App. 368, 369 (405 SE2d 101) (1991) (physical precedent only). Here, as in *Robinson*, the circumstantial evidence was, at most, corroborative of the victim's testimony, and, standing alone, was insufficient to authorize a conviction. There was no error in failing to give the requested instructions. *Robinson*, supra; *Mayfield v. State*, 153 Ga. App. 459, 460-461 (265 SE2d 366) (1980).

2. Secondly, Postell claims the trial court erroneously charged on the burden of proof. The court charged: "However, the State is not required to prove the guilt of the accused beyond a reasonable doubt, or to a mathematical certainty." This charge is no doubt error, and error of constitutional magnitude, since it affects the requirement of the due process clause that a criminal defendant be proved guilty of the crime charged beyond a reasonable doubt. *In re Winship*, 397 U. S. 358 (90 SC 1068, 25 LE2d 368) (1970); see OCGA § 16-1-5. However, on three occasions prior to giving this erroneous charge, and on six occasions subsequent thereto, the court instructed the jury that the state must prove the defendant guilty beyond a reasonable doubt. The error was obviously a slip of the tongue. "The general rule is that '[a] mere verbal inaccuracy in a charge which results from a palpable "slip of the tongue," and clearly could not have misled or confused the jury' is not reversible error." *Gober v. State*, 247 Ga. 652, 655 (278 SE2d 386) (1981). See *Whitt v. State*, 257 Ga. 8, 9 (354 SE2d 116) (1987) (erroneous charge on state's burden of proof was slip of tongue, and not reversible error since charge as a whole properly informed jury of state's burden). Viewing the charge as a whole, we find, beyond a reasonable doubt, that the erroneous charge did not mislead or confuse the jury on the burden of proof, or in any way contribute to the verdict. The error was harmless.

3. In his third enumeration, Postell argues that the trial court erred by allowing four state's witnesses to repeat what they had been told by the victim about the rape. Their testimony was consistent with that given by the victim. He contends this was hearsay, and impermissibly bolstered the testimony of the victim.

"[W]here the veracity of a witness is at issue, and that witness is present at trial, under oath, and subject to cross-examination, the prior consistent out-of-court statement of the witness is admissible." *Edwards v. State*, 255 Ga. 149, 151 (335 SE2d 869) (1985) (explaining the holding in *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985)).

The victim was extensively cross-examined by the defense on matters related to her credibility on the issue of consent. Additionally, the victim's mental stability and credibility was challenged when, on cross-examination by the defense, her pastoral counselor testified that, prior to the rape, she had been hospitalized under psychiatric care. Accordingly, the prior consistent out-of-court statements made by the victim to the four witnesses were admissible as substantive evidence, and were not subject to hearsay or impermissible bolstering objections. *Richardson v. State*, 256 Ga. 746, 747-748 (353 SE2d 342) (1987); *Lumpkin v. State*, 255 Ga. 363, 365 (338 SE2d 431) (1986); *Treadaway v. State*, 191 Ga. App. 111-112 (381 SE2d 43) (1989).

Since all four witnesses testified for the state prior to the victim's testimony, Postell contends it was error to admit the out-of-court statements prior to any challenge to the victim's veracity. We agree this testimony should not have been admitted before the victim's credibility was challenged, but any error was rendered harmless when the victim was later subject to a full cross-examination. Moreover, the evidence was cumulative of the victim's in-court testimony. *Hicks v. State*, 196 Ga. App. 311, 312 (396 SE2d 60) (1990).

4. Postell asserts the trial court erred by excluding evidence that the victim claimed to have been previously raped by another man. He makes three arguments with respect to this claim of error: (a) that this was evidence of a prior false allegation of sexual misconduct made by the victim against a man other than the defendant, and was therefore not excluded by the rape shield statute (OCGA § 24-2-3); (b) that this was evidence of the victim's past sexual conduct admissible as an exception to the rape shield statute (OCGA § 24-2-3 (b) and (c)); (c) that as evidence of a previous rape, it was unrelated to the victim's own past sexual conduct, and therefore was not excluded by the rape shield statute.

(a) Evidence that a rape victim made previous false allegations of sexual misconduct against a man other than the defendant is not excluded by the rape shield statute, which only excludes evidence regarding the victim's past sexual behavior. *Smith v. State*, 259 Ga. 135 (377 SE2d 158) (1989). Before evidence of prior false allegations can be admitted, the trial court must make a " 'threshold determination (outside the presence of the jury) that a reasonable probability of falsity exists.' This rule helps protect the prosecutrix from unfounded allegations that she has made similar allegations in the past. . . ." (Citations omitted.) Id. at 137-138.

A hearing was held, outside the presence of the jury, in which the defense proffered the testimony of the victim, who stated that she had been previously raped by another man two months prior to the present incident, and had disclosed this to a fellow worker and the defendant. After the present incident, she also reported the previous

rape to a rape crisis center employee, a pastoral counselor, and the district attorney. She testified that she had not revealed the name of the man to any of the people to whom she reported the rape, and chose not to prosecute him because he stopped the attack when she started screaming, and later apologized for his actions. During the hearing, the defense asked the victim the name of the man she contended had previously raped her. The district attorney objected on the grounds that the name of the man would not establish the truth or falsity of the allegation. The trial court ruled that the victim did not have to provide the man's name. Postell claims this was error because it deprived him of the opportunity to discover information which may have helped establish the victim had made a prior false allegation of rape. Postell had the burden of coming forward with evidence at the hearing to establish a reasonable probability that the victim had made a prior false accusation of rape. The only witness presented by the defense was the victim, who testified that she had been previously raped. Given that Postell presented no evidence the allegation was false, the man's identity had no relevance in establishing a reasonable probability that the allegation was false. Postell claims he should have been allowed to discover the man's identity so he could be located, brought into court, and questioned about the truth or falsity of the allegations. The purpose of the hearing is to allow the defendant to present evidence of prior false accusations, not to provide an opportunity for discovery and investigation which the defense hopes might lead to such evidence. There was no evidence to support a reasonable probability of falsity, and we find no error in the trial court's refusal to require that the man be identified, or in refusing to allow evidence of the previous rape.

(b) The defendant further contends that evidence the victim had been previously raped was improperly excluded by the trial court because the victim had told him about the previous rape. He argues, therefore, he could have reasonably believed she would consent to the conduct alleged in the present case. As an exception to the rape shield statute, OCGA § 24-2-3 (b) and (c) allows introduction of the rape victim's past sexual behavior if the court finds the past sexual behavior directly involved the participation of the defendant, and such evidence supports an inference that the defendant could have reasonably believed the victim consented to the conduct presently at issue. The court must conduct an in-camera hearing to determine if the defendant's proof is admissible under these standards, or if such evidence is so highly material that it substantially supports a conclusion that the defendant reasonably believed the victim consented to the conduct complained of, and that justice mandates the admission of such evidence. Id.

The only such evidence proffered by the defendant at the hearing

was that, prior to the incident at issue, the victim told the defendant she had been previously raped, and that she may have contracted an infection as a result. There was no evidence that the defendant was made aware of the details of the previous rape. We find no abuse of discretion in the court's conclusion that the evidence was insufficient to qualify for the exception to the rape shield statute set out in OCGA § 24-2-3 (b) and (c).

(c) The defendant's claim that the trial court improperly prevented him from introducing evidence of the prior rape under the holding in *Raines v. State*, 191 Ga. App. 743 (382 SE2d 738) (1989) is without merit. In *Raines* we held the rape shield statute did not exclude the victim's testimony that she had been previously raped, which was introduced to explain her state of mind and conduct in failing to physically resist the defendant. The rape shield statute "precludes the introduction of evidence of the victim's past sexual behavior, [but] [o]bviously, a prior rape committed against the victim has nothing whatsoever to do with *her* past sexual behavior." (Emphasis in original.) Id. at 745. The record shows Postell sought introduction of the prior rape, not for the purpose we approved in *Raines*, but to support his argument that it was not rape, but consensual sexual behavior, therefore it would be reasonable to infer that the victim consented to the present conduct. This is precisely the kind of evidence the rape shield statute was designed to exclude, and the trial court properly excluded it. If Postell sought introduction of this evidence simply to show the victim had been previously raped, we fail to see how this could have benefited his defense, so even as proper evidence, unrelated to the victim's prior sexual conduct, its exclusion was harmless.

5. In his fifth enumeration of error, Postell claims it was error to allow the state to introduce evidence of the victim's religious beliefs pertaining to sexual intercourse outside of marriage. The state introduced testimony from a member of the victim's church, who stated the church teaches that sexual intercourse outside of marriage is wrong, and that this teaching, along with an emphasis on remaining chaste, is taught at almost all of the church meetings. He testified that the victim regularly attended the meetings. The victim testified that although she had been separated from her husband for over two years, they were still married. She stated she attended church meetings three times a week, and was taught that sexual intercourse outside of marriage was a wrong for which one could be expelled from the church. She told the defendant that, because of her religious beliefs, she could not have sexual intercourse with him unless they were married.

"The Rape Shield Statute limits inquiries or suggestive innuendoes concerning the sexual background of the rape victim absent

compliance with its terms." *Gibbs v. State*, 196 Ga. App. 140, 141 (395 SE2d 387) (1990). "[E]vidence of past sexual behavior includes, but is not limited to, evidence of the complaining witness's marital history, mode of dress, general reputation for promiscuity, nonchastity or sexual mores contrary to the community standards." OCGA § 24-2-3 (a); *Parks v. State*, 147 Ga. App. 617 (249 SE2d 672) (1978). The rape shield statute prohibits introduction of such evidence either as direct evidence or on cross-examination. Thus, by timely objection, the defendant may also prevent the state from introducing evidence of the victim's reputation for chastity. *Johnson v. State*, 146 Ga. App. 277, 280-281 (246 SE2d 363) (1978).

The state argued that testimony regarding the victim's religious beliefs was admissible to show her state of mind on the issue of consent. In *Villafranco v. State*, 252 Ga. 188, 193-194 (313 SE2d 469) (1984), the court concluded that the victim's statement, made shortly before the rape, that she wanted "to go to the party to get some nookey" was not inadmissible as evidence of past sexual conduct under the rape shield statute, but was admissible as evidence of the victim's existing motive and state of mind. In the present case, evidence that the victim told Postell she could not have sexual intercourse with him because her church taught it was wrong was admissible to show her state of mind on the issue of consent. By contrast, additional testimony from a member of the church and the victim explaining the church's teachings on chaste behavior, the victim's regular attendance at church, and the possibility of being excluded from the church for unchaste behavior, had no purpose other than to infer that the victim had conducted herself in a chaste manner in accordance with those beliefs. Compare *Lockhart v. State*, 172 Ga. App. 170, 171-172 (322 SE2d 503) (1984) (evidence excluded by rape shield statute where only possible relevance was to create innuendo of prior sexual behavior). This is evidence relating to the victim's chaste behavior excluded by the rape shield statute. *Johnson*, supra at 281.

Nevertheless, having allowed the prosecution to introduce this testimony, we find no evidence that the defendant was thereafter improperly prevented from confronting or impeaching the victim on this issue. *Jones v. State*, 190 Ga. App. 416, 417 (379 SE2d 189) (1989) (evidence of victim's prior sexual activity admissible for impeachment where victim testifies at trial that she was a virgin prior to encounter with defendant). In fact, on cross-examination by the defense, the victim testified that on an occasion prior to the rape, she willingly performed oral sex at the defendant's request, and admitted that this was contrary to the teachings of her church. Moreover, the defendant's objection to this evidence on the ground that it was irrelevant and prejudicial, lacked the specificity necessary to establish error. *Thomason v. Harper*, 162 Ga. App. 441, 450 (289 SE2d 773) (1982). In

the absence of a proper objection, the defendant waived the right to assign error to its admissibility. *Johnson,* supra at 281. Accordingly, we find no merit in this enumeration.

6. Postell claims the trial court erred by failing to grant his motion for a mistrial on the grounds that the prosecution improperly commented on his failure to testify, and injected the prosecutor's own personal belief as to the guilt of the defendant.

During the prosecutor's closing argument, the following transpired in the presence of the jury: The prosecutor stated, "And so . . . you have heard all of the state's witnesses that have testified, and you haven't heard anybody rebut that. The defense did not offer any witnesses. . . ." Defense counsel objected to this statement as a comment on the defendant's failure to testify, then added that, "[The prosecutor] knows that the defendant has no burden of proof and that he comes into this courtroom with the presumption of innocence." The prosecutor immediately responded to the objection by stating, "That only lasts up until I prove beyond a reasonable doubt that he is guilty, and I have done that." The trial court intervened stating, "Well, that is up to the jury to decide." Defense counsel continued, "Yes sir. We ask that be stricken from the record, and it be totally disregarded." The trial judge then indicated he would charge the jury later about the defendant not having to testify. The prosecutor continued his argument: "[A]s I was saying, the defendant has not put anyone on the stand to rebut any of the testimony that has been offered." Defense counsel made the same objection, and moved for a mistrial. In explanation, the prosecutor stated that he was attempting to comment on the fact that the state's evidence was unrebutted. The trial court denied the motion for mistrial.

Defense counsel's first objection was directed to the initial comment by the prosecutor that "[t]he defense did not offer any witnesses," and requested that the court instruct the jury to disregard the comment. The trial court took no action on the objection or the request. The second objection was made in response to the prosecutor's comment that, "the defendant has not put anyone on the stand to rebut any of the testimony that has been offered." The trial court denied the motion for mistrial made in connection with this objection. Accordingly, the error alleged as to both of these comments was properly preserved for review. See *Hall v. State,* 180 Ga. App. 881, 882-883 (350 SE2d 801) (1986).

Although it is improper for a prosecutor to comment on a defendant's failure to testify, it is not error for the prosecutor to argue that the defense has failed to present any evidence to rebut the state's proof. *Martin v. State,* 193 Ga. App. 581, 585 (388 SE2d 420) (1989). To find that a prosecutor's comment was directed at the defendant's failure to testify, and constituted reversible error, the reviewing court

must determine that "the prosecutor's manifest intention was to comment upon the accused's failure to testify, or that the remark was of such a character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." *Ranger v. State*, 249 Ga. 315, 319 (290 SE2d 63) (1982) (internal quotations and citations omitted). The prosecutor's use of the terms the "defense" or the "defendant" in reference to a failure to present evidence is not the controlling factor in making this determination. *Martin*, supra at 586. Rather, the prosecutor's comments must be viewed in the context in which they were made. *Hall v. State*, 176 Ga. App. 428, 432 (336 SE2d 291) (1985). Based on the portions of the closing argument included in the record, including the prosecutor's explanation of his comments, we conclude there was no manifest intention to comment on Postell's failure to testify. It is apparent that the prosecutor intended to direct the jury's attention to the lack of evidence rebutting the state's case. Nor do we find that a jury would naturally and necessarily construe these statements as a comment on the defendant's failure to testify. See *Lowe v. State*, 253 Ga. 308, 309-310 (319 SE2d 834) (1984); *Martin*, supra; *Kerr v. State*, 193 Ga. App. 165, 166 (387 SE2d 355) (1989); *Hall*, supra.

Postell also argues that the prosecutor's statement, "That only lasts up until I prove beyond a reasonable doubt that he is guilty, and I have done that," was a statement of his personal belief in the guilt of the defendant. This comment was made by the prosecutor during colloquy with the court in response to a pending objection by the defense. Though stated in personal terms, when taken in the context in which it was made, it appears to be a statement of the prosecutor's argument that the state's evidence was sufficient to carry the burden of proof, rather than a comment on his personal belief in the defendant's guilt. A prosecutor may not urge his personal belief as to the defendant's guilt, but he may properly argue such guilt as a conclusion from the proven facts. *Manning v. State*, 123 Ga. App. 844, 846 (182 SE2d 690) (1971). In any event, we find no specific objection was made to this statement at trial, therefore it can provide no basis for reversal on appeal. *Morton v. State*, 168 Ga. App. 18, 19 (308 SE2d 41) (1983).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED MAY 29, 1991 —
REHEARING DENIED JUNE 27, 1991 — 

*Perry, Walters & Lippitt, Nancy G. Grigg, Jesse W. Walters*, for appellant.

*Britt R. Priddy, District Attorney*, for appellee.