S91G0946. ROBINSON v. THE STATE.
(410 SE2d 116)

CLARKE, Chief Justice.

Petitioner Karzell Robinson, Jr. was convicted of two counts of armed robbery. His convictions were affirmed by a majority of the Court of Appeals. *Robinson v. State*, 199 Ga. App. 368 (405 SE2d 101) (1991). We granted certiorari to determine whether the Court of Appeals erred in holding that petitioner was not entitled to a charge on the law of circumstantial evidence.

The victims were robbed at gunpoint by two men, one of whom was wearing a red satin jacket with white lettering across the front. While driving in her car a short time later, one of the victims observed the petitioner walking along the street, dressed in a red satin jacket. She later testified at trial that she noticed the petitioner because of his red jacket. The victim watched as the petitioner entered an apartment building and then called the police. The victim continued to watch the apartment, and observed the petitioner come to the window when the police arrived, still wearing the red jacket. However, when the petitioner came out of the apartment with the police, he had removed the jacket.

At trial both victims identified petitioner as one of the men who had robbed them. The state also argued emphatically that petitioner had the opportunity to commit the crimes.

As there were some inconsistencies between the testimony of the victims at the preliminary hearing and that at trial, the trial court granted the petitioner's request to charge the law of impeachment. However, the court denied his request to charge the law of circumstantial evidence.

On appeal petitioner relied on *Horne v. State*, 93 Ga. App. 345 (4) (91 SE2d 824) (1956), in support of his contention that the trial court should have charged the law of circumstantial evidence. *Horne* stands for the proposition that if the jury could have found that the state's witnesses had been impeached, such that it was left to determine the defendant's guilt or innocence *solely* on the basis of circumstantial evidence in the case, the trial court must charge the law of circumstantial evidence. A majority of the Court of Appeals, determined, however, that *Horne* does not apply here because it found that the circumstantial evidence in this case[1] was insufficient to authorize

---

[1] The circumstantial evidence as catalogued by the Court of Appeals is that the peti-

a guilty verdict. In support of its position the majority relies on *Mayfield v. State*, 153 Ga. App. 459 (3) (265 SE2d 366) (1980).

However, in *Mayfield* the *only* evidence against the defendant was the testimony of a police officer that the defendant had sold him drugs. Unlike the situation in *Horne*, had the jury found that this officer's testimony had been impeached, there was no other evidence, either circumstantial or direct, on which the jury could have relied to convict the defendant, and a charge on circumstantial evidence was not required. Thus, we find *Mayfield* to be distinguishable from the case before us.

As a general proposition, where there is some direct evidence against a defendant, it is not error to fail to charge the law of circumstantial evidence. *Terrell v. State*, 258 Ga. 722 (3) (373 SE2d 751) (1988). However, this court has held that "if the only direct evidence comes from a witness who has been impeached, it is reversible error to fail to charge on circumstantial evidence upon request." *Whittington v. State*, 252 Ga. 168, 176 (313 SE2d 73) (1984). See also *Stanley v. State*, 239 Ga. 260, 261 (236 SE2d 611) (1977), which adopted the rule in *Horne*, supra. The theory underlying this rule is that where both direct and circumstantial evidence of the defendant's guilt is admitted, and the jury is authorized to find that all the direct evidence, in the form of witness testimony, has been impeached, the jury is left to determine the guilt or innocence of the defendant based solely on the circumstantial evidence, and therefore must have some guidance on the quantum of circumstantial evidence which will authorize a conviction. See *Green v. State*, 167 Ga. App. 548 (306 SE2d 354) (1983).

The problem presented by the case before us illustrates the need for a clear rule delineating when the law of circumstantial evidence should be charged. It is impossible to determine from the verdict whether the jury found the state's witnesses had *not* been impeached, and thus based its verdict on the direct evidence alone, or whether, guided by the trial court's charge on impeachment, the jury found that the state's witness *had* been impeached, and thus based its verdict on circumstantial evidence which, the Court of Appeals concludes, was insufficient to meet the test of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

We think the better rule than that set out by *Horne* and *Terrell*, supra, is that where the state's case depends, in whole or in part, on circumstantial evidence, a charge on the law of circumstantial evidence must be given on request. This rule will apply whether or not

---

tioner was wearing a red satin jacket similar to that worn by the perpetrator; the petitioner removed this jacket when police officers came to his door; and last, that he had the opportunity to commit the crimes in question.

the jury is authorized to find that the direct evidence presented by witness testimony has been impeached.

Because the state's case depended in part on circumstantial evidence, the petitioner's request to charge the law of circumstantial evidence should have been granted, and the Court of Appeals erred in not so holding.

*Judgment reversed. All the Justices concur, except Weltner, J., who dissents.*

WELTNER, Justice, dissenting.

I agree with everything stated in the majority opinion except the final sentence, and the judgment of reversal.

I agree that the rule concerning charges upon circumstantial evidence should be changed. However, in view of the eye-witness testimony in this case, and of the secondary weight of the circumstantial evidence (see footnote 1, majority opinion), I think that the charge given was, at worst, harmless error under *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976).

Accordingly, I would affirm the trial court.

DECIDED NOVEMBER 22, 1991.

*Kenneth D. Kondritzer, Megan C. DeVorsey,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney,* for appellee.