## A90A1845. ROBINSON v. THE STATE.
(414 SE2d 749)

CARLEY, Presiding Judge.

In *Robinson v. State*, 199 Ga. App. 368 (405 SE2d 101) (1991), we affirmed appellant's conviction and sentence, finding no reversible error in the trial court's refusal to give a requested charge on the law of circumstantial evidence. On certiorari, however, the Supreme Court reversed: "We think the better rule than that set out by *Horne* [*v. State*, 93 Ga. App. 345, 346 (4) (91 SE2d 824) (1956)] and *Terrell* [*v. State*, 258 Ga. 722, 724 (3) (373 SE2d 751) (1988)] is that where the

[S]tate's case depends, in whole or in part, on circumstantial evidence, a charge on the law of circumstantial evidence must be given on request. This rule will apply whether or not the jury is authorized to find that the direct evidence presented by witness testimony has been impeached." *Robinson v. State*, 261 Ga. 698, 699-700 (410 SE2d 116) (1991).

Accordingly, our original judgment is vacated, the judgment of the Supreme Court is hereby made the judgment of this Court, and the judgment of the trial court is reversed.

*Judgment reversed. Sognier, C. J., McMurray, P. J., Birdsong, P. J., Pope, Beasley, Cooper, Andrews, JJ., and Judge Arnold Shulman concur.*

DECIDED JANUARY 16, 1992.

*Kenneth D. Kondritzer*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney*, for appellee.

