S91G1369. POSTELL v. THE STATE.
(412 SE2d 831)

HUNT, Justice.
In *Postell v. State*, 200 Ga. App. 208 (407 SE2d 412) (1991) the Court of Appeals affirmed the defendant's convictions for rape and robbery by intimidation. We granted the defendant's application for certiorari to determine whether the trial court should have charged the jury on circumstantial evidence, as the defendant requested, and whether the trial court properly excluded evidence regarding a prior claim of rape by the victim.

1. In *Robinson v. State*, 261 Ga. 698 (410 SE2d 116) (1991) we held that "where the state's case depends, in whole or in part, on circumstantial evidence, a charge on the law of circumstantial evidence

must be given on request." Here, as in *Robinson*, the state's case depended in part on circumstantial evidence. Accordingly, the trial court erred by failing to give the defendant's request to charge on circumstantial evidence.

2. The trial court did not err by excluding evidence regarding the victim's claim that she was raped previously by another man. There is no evidence that the victim accused any individual in connection with this claim. Therefore, the rule in *Smith v. State*, 259 Ga. 135, 137 (377 SE2d 158) (1989), authorizing evidence of prior false accusations of rape in a rape trial, does not apply, and the evidence was not otherwise admissible.

3. Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of rape and robbery by intimidation beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State*, 245 Ga. 89, 90 (263 SE2d 131) (1980).

*Judgment reversed. Clarke, C. J., Bell, Benham and Fletcher, JJ., concur; Weltner, P. J., dissents.*

WELTNER, Presiding Justice, dissenting.

I dissent for the reasons expressed in my dissent in *Robinson v. State*, 261 Ga. 698 (410 SE2d 116) (1991).

DECIDED FEBRUARY 6, 1992.

*Perry, Walters & Lippitt, Jesse W. Walters*, for appellant.
*Britt R. Priddy, District Attorney*, for appellee.