## S93A1093. CHAPMAN v. THE STATE.
### (435 SE2d 202)

BENHAM, Justice.

Appellant and two co-defendants were tried together and convicted of malice murder.[1] After receiving immunity from prosecution, a man present at the time of the shooting testified that appellant was one of four men who sought out the victim, believing he had stolen their contraband, and shot him at the door of the apartment building in which they found him. Four women roommates testified that appellant and one of his co-defendants came to the women's apartment the night of the crime and informed the women that the co-defendant had shot the victim after appellant had instructed him to do so. Appellant testified that he was present when one of his co-defendants shot the victim, that he had accompanied his co-defendants in their search for the victim, that he knew the shooter had a gun, and that he fled the scene with his co-defendants after the shooting, but that he did not participate in the crime. The evidence was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

1. During the trial, appellant testified that one of his co-defendants shot the victim in appellant's presence. During cross-examination of appellant, counsel for the co-defendant was permitted, over objection, to inquire why appellant had not presented this version of the events earlier. Because this line of questioning was allowed, the assistant district attorney was allowed, during closing argument and over objection, to remind the jury that appellant had been incarcerated for 17 months awaiting trial and had never given the version of events to which he testified at trial. Appellant contends it was error to permit the comments on his post-arrest silence, and that their admission was sufficient harm to warrant the grant of his motion to sever.

It is fundamentally unfair and a violation of due process of law for a state to permit cross-examination of a defendant as to post-arrest silence where the defendant has been informed of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), or to permit comment thereon, since the giving of the *Miranda* warnings might induce silence by implicitly assuring a defendant that his silence will not be used against him. *Doyle v. Ohio*, 426

---

[1] The crime occurred on November 17, 1989. Appellant was arrested on November 4, 1990, and indicted on November 9. The trial of appellant and his two co-defendants commenced on April 23, 1991, and concluded with the return of the guilty verdicts on April 29. Appellant was sentenced to life imprisonment that day, and his motion for new trial, filed May 23, 1991, and amended September 15, 1992, and February 5, 1993, was denied February 19, 1993. The notice of appeal was filed on March 12, 1993, and the case was argued before this court on June 22, 1993.

U. S. 610 (96 SC 2240, 49 LE2d 91) (1976); *Clark v. State,* 237 Ga. 901 (230 SE2d 277) (1976). See also *Bennett v. State,* 254 Ga. 162 (4) (326 SE2d 438) (1985). In the case at bar, the trial court allowed appellant's post-arrest silence to be used to impeach him, and permitted the State to comment upon the post-arrest silence during closing argument, but the record does not indicate whether appellant had received *Miranda* assurances prior to the silence used at trial.[2] Even if we assume that appellant was given *Miranda* warnings upon his arrest, any error in the use of his post-*Miranda* silence was harmless beyond a reasonable doubt in light of his testimony, which was sufficient to authorize the jury to conclude that he participated in the crime. See OCGA § 16-2-20; *Bennett v. State,* supra.

2. Appellant contends the use of his silence by his co-defendant's attorney constituted sufficient harm to authorize the grant of his motion to sever his trial from that of his co-defendant who actually shot the victim.

The denial of appellant's motion to sever his trial from that of his co-defendant/shooter was not error. Absent an abuse of discretion, the denial of a motion to sever the trial of co-indictees in a capital case in which the death penalty is not sought is not reversible error. *Harrell v. State,* 253 Ga. 474 (2) (321 SE2d 739) (1984). The existence of purported antagonistic defenses between two co-indictees is not sufficient to warrant the grant of a separate trial, absent a showing of harm. *Cain v. State,* 235 Ga. 128, 129 (218 SE2d 856) (1975). As stated in Div. 1, the comment on appellant's post-*Miranda* silence in this case was not harmful in light of the strength of the evidence against appellant.

3. Acknowledging that the trial court charged the jury on the law of circumstantial evidence and impeachment, appellant, citing *Robinson v. State,* 261 Ga. 698 (410 SE2d 116) (1991), asserts error in the failure of the trial court to sua sponte instruct the jury that impeached testimony constitutes circumstantial evidence. In *Robinson* at 699, this court held that a charge on circumstantial evidence must be given "where the state's case depends, in whole or in part, on circumstantial evidence. . . ." *Robinson* does not equate impeached testimony with circumstantial evidence. When and if a jury determines

---

[2] In *Fletcher v. Weir,* 455 U. S. 603, 607 (102 SC 1309, 71 LE2d 490) (1982), and *Jenkins v. Anderson,* 447 U. S. 231 (100 SC 2124, 65 LE2d 86) (1980), the U. S. Supreme Court invited the individual states to adopt rules of evidence to resolve the extent to which pre-arrest silence (*Jenkins,* supra) and post-arrest silence, when no *Miranda* warnings were given to induce silence (*Fletcher,* supra), may be deemed to impeach a criminal defendant's testimony. In *Mallory v. State,* 261 Ga. 625 (5) (409 SE2d 839) (1991), this court determined that a comment upon a defendant's silence or failure to come forward was far more prejudicial than probative and held that such comments are no longer allowed, effective December 26, 1991. Since appellant was tried in April 1991, the *Mallory* rule is not applicable to his case.

that a witness has been impeached, the credibility to be given the testimony of that witness is a matter for the jury. OCGA § 24-9-85. The impeachment of a witness does not change the direct evidence given by that witness into circumstantial evidence.

4. Finally, appellant contends that the trial court improperly intimated while charging the jury that there was direct evidence in this case. As there was direct evidence in this case, it was not error for the trial court to inform the jury that it was to determine whether it relied on direct or circumstantial evidence in deciding the case.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 4, 1993.

*Megan C. DeVorsey, Ronald B. Hatcher,* for appellant.
*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, Henry M. Newkirk, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, C. A. Benjamin Woolf, Assistant Attorney General,* for appellee.