A99A1545. CARTER v. THE STATE.
(523 SE2d 47)

SMITH, Judge.

Jude Carter was convicted on one count of child molestation. The indictment charged him with performing an immoral and indecent

act on a child under 16, by touching her buttocks with the intent to arouse and satisfy his sexual desires. His motion for new trial was denied, and he appeals. We affirm.

Construed to uphold the jury's verdict, evidence was presented that Jude Carter lived in a mobile home with a friend, Steven Carter, along with Steven Carter's wife and daughter. On December 8, 1996, the victim, a friend of Steven Carter's daughter, spent the night in Steven Carter's home. Steven Carter testified that he and Jude Carter had been drinking that day and had consumed "a lot" of beer. He stated that once during the evening, he walked into the living room where his daughter and the victim had fallen asleep and saw Jude Carter "feeling on" the victim's body. Jude Carter told him he was looking for money the victim had taken. Steven Carter also testified, however, that after he left the room and returned again, Jude Carter "was doing it again, except this time he was rubbing her butt" and that Jude Carter stated that "he wanted some p----." The victim testified that while sleeping at Steven Carter's home, she awoke to find Jude Carter "feeling on" her chest and face. He told her he was looking for money, but she did not believe him because, in her opinion, he was touching her in a sexual manner. We also note the testimony of Steven Carter's daughter that while Jude Carter was playing cards with her and the victim earlier that day, he had solicited sex from the victim by offering her money.

Jude Carter testified, denying any inappropriate actions toward the victim. He stated that he lifted the comforter under which the girls were sleeping to look for "[m]y money, my pesa." Carter's sister, who acted as an interpreter because Jude Carter apparently was originally from Pakistan, stated that "pesa" is a Pakistani term for money. Jude Carter also testified that some of his personal belongings and money were stolen from his room. He believed that Steven Carter's daughter and the victim had stolen his jewelry. He also seemed to imply during his testimony that Steven Carter played some part in the theft of his personal belongings.

Carter contends the trial court erred in failing to charge the jury on circumstantial evidence and that the evidence was insufficient to support the jury's verdict. In particular, he contends that the only direct evidence of his guilt was given by Steven Carter, who the jury could have concluded was impeached for interest. Relying on a line of cases beginning with *Horne v. State*, 93 Ga. App. 345 (91 SE2d 824) (1956), Carter contends that a charge on the law of circumstantial evidence was required even absent a request for such a charge.

Even assuming, without deciding, that Steven Carter's testimony was impeached for interest, we do not agree. Indeed, in *Horne*, this court concluded that the trial court erred in failing to give an instruction on circumstantial evidence where the trial court

instructed the jury on impeachment and the only direct evidence of appellant's guilt came "from a witness who, the jury was authorized to find, had been impeached." Id. at 346 (4). Relying on *Horne*, this court has since held that a trial court's failure to charge on the law of circumstantial evidence, even absent a request, was reversible error when the only direct evidence of guilt was given by a witness who may have been impeached. See *Green v. State*, 167 Ga. App. 548, 549 (1) (306 SE2d 354) (1983); *Gibson v. State*, 150 Ga. App. 718, 719 (6) (258 SE2d 537) (1979).

The Supreme Court modified this rule, however, in *Robinson v. State*, 261 Ga. 698 (410 SE2d 116) (1991). In *Robinson*, the Supreme Court noted that *Horne*

> stands for the proposition that if the jury could have found that the state's witnesses had been impeached, such that it was left to determine the defendant's guilt or innocence *solely* on the basis of circumstantial evidence in the case, the trial court must charge the law of circumstantial evidence.

(Emphasis in original.) *Robinson*, supra at 698. Citing *Green*, supra, the Supreme Court also discussed the theory underlying the rule that a court commits reversible error in failing to charge on circumstantial evidence, upon request, when the only direct evidence comes from a witness who has been impeached:

> [W]here both direct and circumstantial evidence of the defendant's guilt is admitted, and the jury is authorized to find that all the direct evidence, in the form of witness testimony, has been impeached, the jury is left to determine the guilt or innocence of the defendant based solely on the circumstantial evidence, and therefore must have some guidance on the quantum of circumstantial evidence which will authorize a conviction. [Cit.]

*Robinson*, supra at 699.

But the Supreme Court then addressed a problem inherent in *Horne*: the impossibility of determining from a jury's verdict whether the jury found that the state's witnesses had or had not been impeached. *Robinson*, supra. The Court observed that "a clear rule" was needed "delineating when the law of circumstantial evidence should be charged." According to the Supreme Court in *Robinson*, the "better rule" is that if the state's case depends, in whole or in part, on circumstantial evidence, the trial court must charge the jury on the law of circumstantial evidence, if such a charge is requested. "This rule will apply whether or not the jury is authorized to find that the direct evidence presented by witness testimony has been impeached."

Id. at 699-700. See also *Yarn v. State*, 265 Ga. 787 (1) (462 SE2d 359) (1995) (discussing "bright-line" rule set out in *Robinson* concerning circumstances under which charge on circumstantial evidence as defined by OCGA § 24-4-6 must be given); *Mims v. State*, 264 Ga. 271 (443 SE2d 845) (1994) (same). Conversely, when the state's evidence depends on both direct and circumstantial evidence, *in the absence of a request* to charge on the law of circumstantial evidence as defined by OCGA § 24-4-6,[1] a trial court does not commit reversible error in failing to give such a charge. See *Rainey v. State*, 266 Ga. 163 (465 SE2d 447) (1996); *Stubbs v. State*, 265 Ga. 883, 884 (2) (463 SE2d 686) (1995).[2]

Applying these cases here, assuming that Steven Carter's direct testimony was impeached, the state's case depended on both direct and circumstantial evidence. Regardless of whether the witness's testimony was impeached, under the rationale of *Robinson* and its progeny, a charge on circumstantial evidence as defined by OCGA § 24-4-6 was required only upon request. Carter failed to request such a charge, and the trial court therefore did not err in failing to charge this Code section. Compare *Yarn*, supra at 788-789 (2) (no error in refusing to give charge on law of circumstantial evidence as set out in OCGA § 24-4-6, when such a charge not requested).

We also note Jude Carter's argument that because Steven Carter's testimony may have been impeached, the only credible evidence against him was circumstantial, and the trial court therefore was required to charge on circumstantial evidence. This argument fails. Whether Steven Carter's testimony was impeached was a jury question, and even if the jury determined that he had been impeached, his credibility was a matter for that jury. *Chapman v. State*, 263 Ga. 393, 394-395 (3) (435 SE2d 202) (1993). As stated in *Chapman*, "[t]he impeachment of a witness does not change the direct evidence given by that witness into circumstantial evidence." Id. at 395 (3). Because direct evidence of Jude Carter's guilt was presented and because he did not request a charge on circumstantial evidence, the trial court did not err in refusing to give a charge on this issue. And given the direct evidence that Jude Carter touched the buttocks of the victim, as well as the circumstantial evidence of his statement to Steven Carter and his demeanor when the victim awoke to find him touching her chest and face, we cannot say that the evidence was in-

---

[1] OCGA § 24-4-6 provides: "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused."

[2] We note that when the state's case rests solely on circumstantial evidence, the trial court must charge on the law of circumstantial evidence, and the charge must consist of the language of OCGA § 24-4-6. *Stubbs*, supra at 884 (1). But here, the state's case was not wholly dependent on circumstantial evidence.

sufficient to support the jury's verdict.

*Judgment affirmed. Pope, P. J., and Eldridge, J., concur.*

DECIDED SEPTEMBER 29, 1999.

*George A. Waters*, for appellant.

*J. Thomas Durden, Jr., District Attorney, John A. Dow, Assistant District Attorney*, for appellee.