S94A1387. CRUMBLEY v. THE STATE.
(452 SE2d 106)

BENHAM, Presiding Justice.

Appellant and two co-defendants[1] were tried together and con-

---

[1] Co-defendant Chapman's conviction was affirmed in *Chapman v. State*, 263 Ga. 393 (435 SE2d 202) (1993).

victed of malice murder.[2] Appellant contends that the evidence was not sufficient to convict and that the trial court erred in permitting the prosecution to comment on appellant's post-arrest silence.

1. With regard to the sufficiency of the evidence, our holding in *Chapman v. State*, 263 Ga. 393 (435 SE2d 202) (1993), is equally applicable here:

> After receiving immunity from prosecution, a man present at the time of the shooting testified that appellant was one of four men who sought out the victim, believing he had stolen their contraband, and shot him at the door of the apartment building in which they found him. Four women roommates testified that appellant and one of his co-defendants came to the women's apartment the night of the crime and informed the women that [appellant] had shot the victim after [the co-defendant] had instructed him to do so. Appellant testified that he was present when one of his co-defendants shot the victim, that he had accompanied his co-defendants in their search for the victim, that he knew the shooter had a gun, and that he fled the scene with his co-defendants after the shooting, but that he did not participate in the crime. The evidence was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Chapman*, supra.

2. Appellant's other enumeration of error, involving the use of appellant's post-arrest silence, is controlled adversely to him by *Chapman*, supra, Division 2. We note, as we did in *Chapman* at fn. 2, that this court determined in *Mallory v. State*, 261 Ga. 625 (5) (409 SE2d 839) (1991), that a comment upon a defendant's silence or failure to come forward was far more prejudicial than probative and that such comments are no longer allowed, effective December 26, 1991. Since appellant was tried in April 1991, however, the *Mallory* rule is not applicable to his case.

*Judgment affirmed. All the Justices concur.*

---

[2] The crime occurred on November 17, 1989. Appellant was indicted for malice murder on November 9, 1990, and was tried with two co-defendants commencing April 23, 1991, and concluding April 29, 1991, with the return of guilty verdicts. Appellant's sentence to life imprisonment was filed on May 1, 1991. His motion for new trial was filed on May 23, 1991, amended on September 15, 1992, and denied on May 13, 1994, and his notice of appeal was filed on May 26, 1994. This appeal was docketed in this Court on June 13, 1994, and was submitted on briefs on August 8, 1994.

DECIDED JANUARY 17, 1995.

*Bauer & Deitch, George R. Ference,* for appellant.
*Lewis R. Slaton, District Attorney, Rebecca A. Keel, Henry M. Newkirk, Carole E. Wall, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Michael D. Groves, Assistant Attorney General,* for appellee.